IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

―――――――――――――――――――――― x
MARTIN DEKOM, :
 :
    Plaintiff, : Case No. 2:17-cv-02712-JFB-ARL
 :
v. :
 :
FANNIE MAE, BANK OF AMERICA, N.A., :
et al., :
 :
    Defendants. :
 :
―――――――――――――――――――――― x

### DEFENDANT BANK OF AMERICA, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER ORDER ON COMPEL PRODUCTION #1

Defendant Bank of America, N.A. ("BANA"). by and through its undersigned counsel, files this opposition to Plaintiff Martin Dekom's ("Plaintiff") June 13, 2018 Motion to Reconsider Order on Compel Production #1 (the "Motion for Reconsideration," Doc. 132). For the reasons discussed more fully below, the Court should deny the Motion for Reconsideration.

**I.    ARGUMENT**

In the Motion for Reconsideration, Plaintiff asks the Court to set aside its May 29, 2018 Order (the "Order"), which effectively denied Plaintiff's Motion to Compel Production—Note (the "Motion to Compel," Doc. 109), because BANA purportedly did not oppose the Motion to Compel and therefore, it somehow "consented to the motion." Doc. 132 at 1. But BANA did not "consent" to anything, and it did not "abandon" its objections to Plaintiff's First RFP, as Plaintiff contends. *Id.* at 2.

While Plaintiff is technically correct that at the time the Order was issued, BANA had not yet filed an opposition to the Motion to Compel, BANA had drafted its opposition and fully

1

intended to file its opposition by the May 29, 2018 deadline to oppose the Motion to Compel.[1] However, the Court issued its Order *on the same day that BANA's opposition was due*—before BANA was able to get its opposition to the Motion to Compel on file—and the Order mooted the need for BANA to file its opposition.

In any event, the Court reached the correct conclusion in its Order in finding that BANA's discovery response was reasonable and effectively denying the Motion to Compel, and there is no need for the Court to reconsider its decision. The Motion to Compel sought to compel the production of the **original** promissory note executed by him on August 2, 2007, as well as documents or emails regarding "its whereabouts or custody." Doc. 80. But as the Court acknowledged in its Order, BANA informed Plaintiff in its Response to Plaintiff's First RFP (Doc. 109-2) that BANA ceased servicing Plaintiff's loan on August 31, 2013—well over four years ago—and that it is not in possession of the original promissory note. BANA also informed Plaintiff that he should direct his request to inspect the original promissory note, and other related documents and information regarding its "whereabouts and custody," to the current servicer. *See id.* BANA's response to Plaintiff's First RFP stated as follows:

> BANA objects to this Request to the extent it seeks documents or information that is privileged, whether under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.
>
> Subject to this objection, BANA states that BANA is a former servicer of the home mortgage loan evidenced by the promissory note and mortgage executed by Plaintiff on August 2, 2007, in exchange for a loan in the principal amount of $358,842.00 (the "Loan"), which is the subject of the instant suit. BANA ceased servicing the Loan on August 31, 2013. BANA notified Plaintiff by letter dated August 13, 2013 that effective September 1, 2013, the servicing of the Loan was being transferred to Nationstar Mortgage LLC. A copy of the

---

[1] By operation of L.R. 6.1(a)(2), BANA's opposition to the Motion to Compel would have been due on May 28, 2018. However, May 28, 2018 was Memorial Day—a "legal holiday" as defined in Fed.R.Civ.P. 6(a)(6)—and therefore, the due date for BANA's opposition carried over to the next day, i.e., May 29, 2018, pursuant to Fed.R.Civ.P. 6(a).

> service transfer letter is being produced herewith. As BANA has not serviced the Loan in well over four years, BANA is not in possession of the original promissory note.
>
> Plaintiff's request to inspect the original promissory note, and Plaintiff's request for documents relating to its archiving, "control documents," and the "whereabouts and custody" of the original promissory note, should be directed to the current servicer of the Loan.

*See id.*

Despite BANA's response—which clearly stated that BANA is not in possession of the original promissory note or alleged "control documents"—Plaintiff filed the Motion to Compel and asked the Court to order BANA to produce the original promissory note and "control documents." Doc. 109. Plaintiff effectively makes the same request in the Motion for Reconsideration. Doc. 132. BANA, however, cannot produce what it does not have, and there is nothing to compel or reconsider, because the original promissory note, and documents relating to its "whereabouts and custody," such as any alleged "control documents" that may exist, are part of the collateral file that should be in the possession of the current loan servicer. Thus, there was no "legal error" or "mistake" by the Court in entering the Order, and the Court should deny the Motion for Reconsideration.

## II.  CONCLUSION

For the reasons set forth herein, BANA respectfully requests that the Court deny the Motion for Reconsideration in its entirety.

WINSTON & STRAWN, LLP

By: */s/ Jason R. Lipkin*
Jason R. Lipkin, Esq.
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
(212) 294-6647
jlipkin@winston.com

Dated: June 14, 2018

## **CERTIFICATE OF SERVICE**

I hereby certify that I served true and correct copies of the foregoing via the Court's CM/ECF system on all parties and counsel of record this 14th day of June 2018.

                                      WINSTON & STRAWN, LLP

By: */s/ Jason R. Lipkin*
     Jason R. Lipkin, Esq.
     Winston & Strawn LLP
     200 Park Avenue
     New York, NY 10166
     (212) 294-6647
     jlipkin@winston.com

Dated: New York, NY
         June 14, 2018