UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARTIN DEKOM, et.al.

              Plaintiffs

       -against-

                           NOTICE AND MOTION FOR PARTIAL JUDGMENT, ON THE PLEADINGS OR SUMMARY
                           CIVIL CASE #17-2712

FANNIE MAE et.al.

              Defendants

I, Martin Dekom, plaintiff *pro se*, state truly under penalty of perjury:

PLEASE TAKE NOTICE that upon the following declaration of Martin Dekom, plaintiff, and upon all prior papers, plaintiff moves this Court before Hon. Joseph Bianco, at 100 Federal Plaza, Central Islip, NY, by ECF, on submission only, for an order pursuant to Rule 12 (c), alternatively, Rule 56 (a) for partial judgment against the defendant Nassau County Clerk Maureen O'Connell, assigning liability, and enjoining her.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION
FOR JUDGMENT ON THE PLEADINGS OR IN THE
ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Martin Dekom moves this Court for partial judgment on the pleadings per FRCP 12(c), insofar as the complaint alleges liability of defendant Maureen O'Connell, Nassau County Clerk, or in the alternative, for partial summary judgment per FRCP 56(a). O'Connell allegedly conspired with other defendants to violate Dekom's civil rights pursuant to a fraud scheme and racket. Dekom has sought damages, in part, of no less than $200,000 per defendant, additional money damages, as well as injunctive relief, for which he now prays.

**Salient History**

Dekom filed the instant lawsuit in 2017 and amended twice. Succinctly, it stated that defendants subjected Dekom to a fraudulent legal proceeding, "foreclosure inquest," and to

1

practices prohibited by the Fair Debt Collections Practices Act, and those prohibited by the RICO Act. This violated Dekom's fundamental rights to Due Process, Equal Protection, to petition the courts, deprived him of his income, and inflicted emotional distress. Dekom alleges the defendant Clerk caused and conspired to perpetrate these violations of his fundamental rights and his rights secured under statute.

The defendant Clerk was served by marshal service on December 19, 2017 and did not answer; again with the amended complaint on July 2, 2018 and did not answer; again with the operative complaint on September 10, 2018 and did not answer, as well as by Julie Dekom on July 20, 2018 and did not answer. Dekom also sought a certificate of default against the defendant Clerk, which was unopposed. Counsel for the Clerk is the office of the Nassau County Attorney, specifically, Nicholas Sarandis. Sarandis and Dekom discussed the action over email, and also in open court (Nassau Supreme) on August 10, 2018. The defendant Clerk, properly served and with actual knowledge of the action, has not answered or otherwise defended, and the time to do so has expired. The defendant Clerk has willfully defaulted, admitting to the allegations and consenting to the relief. Subsequently Dekom so moves.

**Standard**

Plaintiff contends that the pleadings and attendant exhibits and declarations, as admitted by the defendant Clerk, show there is no genuine issue of material fact, and that he is entitled to partial judgment as a matter of law. The standard is the same for 12 b (6) motion. The Court must assume that the complaint's factual allegations are true, and while normally it must construe inferences in the non-moving parties' favor, the admission of the defendant precludes that benefit.

2

The Court must also not consider whether the plaintiff will "ultimately prevail," *Scheuer v. Rhodes*, 416 U.S. 232 (1974). Similarly, the "plausibility" standard of *Twombly* is not applicable when a party willfully chooses not to defend, as here.

FRCP 56(c) provides that a judgment should be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The Rule must also be construed for those opposing, that any defenses demonstrate that there is no factual basis for them, *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Here there is complete agreement on what the facts are and what they support.

**FACTS**

The gist of Dekom's accusation, pertinent here, is that the "foreclosure inquest" to which Dekom was subjected is not a legal procedure, but is a fraudulent mock up made to appear legal, with the active complicity of the defendant Clerk. The salient difference between the statutory process and "foreclosure inquest" is that in the latter, the ordinary rights of the defendant have been eliminated, and the outcome is determined before any process. This paper establishes that, in addition to the admission by the defendant Clerk, the record and public documents subject to judicial notice shows that "foreclosure inquest" 1) exists and is portrayed as legitimate, 2) is not legal, 3) was applied to Dekom at specific dates and times, violating his rights, and 4) the defendant Clerk is personally involved.

The record shows the existence of "foreclosure inquest" in Nassau County, and only Nassau County. It is mentioned in the Report of the Chief Administrator of the Courts (Foreclosure Report to the Governor pursuant to Chapter 507 of the laws of 2009), editions of 2014 and

3

2015, specifying that Nassau County has created a unique "foreclosure inquest" part. It explains that plaintiff gets expedited rulings in exchange for not seeking a deficiency judgment.

The ecourts online database of state court actions shows the "foreclosure inquest" part in Nassau county, and no other. Over a hundred examples are shown in Ex. INQ1. Documents submitted by Nationstar to the appellate court as a "supplemental appendix" show official stamps and indicia to "Inquest" (see stamp on Ex.RA-88, and RA-94, showing assignment of personnel).

The FHLMC Servicing Bulletin Update #2014-9, prepared for servicers handling "Freddie Mac" loans, states that "foreclosure inquest" is an expedited "alternative foreclosure process". Quite recently, defendant Nationstar and defendant counsel stated under oath that "foreclosure inquest" is an alternative to the statutory process (Nationstar Opposition to Dekom Leave to Appeal (before the 2nd Department, 6/26/2018)), p.2, at 5).

Although "foreclosure inquest" exists and is held out as a legal process, it is not. It is axiomatic that only the legislature has power to make laws, and that interstitial rulemaking authority is limited to implementing those laws, subject to promulgation and comment. Neither New York Real Property Law or Civil Procedure describes a "foreclosure inquest." It defines an inquest, insofar as contract law is concerned, as a hearing on damages, not fact-finding.

There is no similar provision in New York law which allows for expediting matters in exchange for waiving a deficiency judgment. There is no record of any promulgation of rules governing "foreclosure inquest." The Nassau County Supreme Court foreclosure rules (see https://www.nycourts.gov/COURTS/10JD/nassau/foreclosure.shtml ) do not mention "foreclosure inquest." Once promulgated, the publication of laws and rules imbues them with the implication of notice required of Due Process, such that ignorance of the law is no excuse.

4

Consequently a process which is not published and whose rules are not knowable to the least sophisticated consumer is, by definition, not legal or lawful.

Court records (from ecourts) generally and those excerpted in Ex. INQ show only a handful of firms, known "foreclosure mills", participate in "foreclosure inquest." While these firms may handle a large number of cases, other firms and individuals also bring foreclosure actions. A "private court" open only to hand-picked participants is not a legal arrangement as it is facial bias. Historically it is known as a "star chamber," denoting illegal proceedings in which the outcome is predetermined.

As shown in the record, "foreclosure inquest" creates two sets of records of a case, one of which the defendant is unaware. On appeal, Dekom produced the official original record. Plaintiff Nationstar submitted an alternate record (Ex. RA) consisting of papers which were not served on him. This included the "exhibits" comprising proof of the claim.

Were "foreclosure inquest" a legitimate process, it would have written rules which had been promulgated, its use would be open to any party seeking to foreclose on another, and there would be one and only one record of the case. Further, in function it would eliminate the rights of the defendant.

The "Foreclosure Inquest" unpublished rules violates Due Process by failing to give notice of the jeopardy it presents. It violates Equal Protection by subjecting its victims to a process without rights, while others similarly situated are protected by the traditional process found in CPLR and RPAPL. Further violations are recounted at length in the Dekom Declaration, Dekom Second Declaration, and Exhibit UDAP, as amended. The result is to create a process that is not a process, but is predetermined in favor of the foreclosing plaintiff. In the Dekom

case, this included prohibiting him from moving to dismiss. Although he did so move and the plaintiff was properly served, the motion was not docketed. Nor was it docketed when Dekom raised it within the parameters of a *pro se* litigant, designed to afford the widest latitude. He did so at the "foreclosure settlement conference." He did so again, by letter to the court. He did so at the "inquest". He then did so again on motion to renew. The motion on renew was adjudicated five months after final judgment, illustrating that the right to move did not exist, as the matter was predetermined. Rights violations included denial of a trial. The process went straight to a damages inquest, bypassing trial. Dekom was compelled to attend the "foreclosure inquest" on October 30, 2014 (transcript, ex. N1-101). Dekom was denied notice of the witness or of the evidence to be presented against him. His right to examine the witness was severely limited and Dekom was not allowed to examine the evidence. Neither the order setting the inquest nor the "Decision After Inquest" were served on Dekom, preventing him from contesting either order. "Foreclosure inquest" violates rights of Due Process, the right to petition, and Equal Protection.

The operation of "foreclosure inquest" saves plaintiff's time by eliminating the defendant's fundamental and statutory rights. In addition to the above, it removes the series of motions required by New York Real Property and Civil Procedure canons, which are the cause of New York's lengthy foreclosure proceedings. Those motions were eliminated in the Dekom case, violating his rights protected by those statutes. This includes: motion for default (or summary judgment), for an order of reference, to adopt the referee report, and for a judgment of foreclosure. By creating an "alternate" procedure, "foreclosure inquest" by its nature violated Dekom's rights secured by state law. This constitutes another set of violations of Due Process and Equal Protection.

6

The defendant Clerk orchestrated and operated "foreclosure inquest." In Nassau county, as it advertises at the Clerk reception, the County Clerk is the Clerk of the Court for special proceedings. Foreclosure is a special proceeding. The defendant Clerk is personally responsible for the administration of foreclosure actions in Nassau Supreme Court. Here, the defendant Clerk accepted the filing of the plaintiff's complaint without an RJI, a prohibited practice known as "shadow docketing." The further obligations and subsequent derelictions of the Clerk enabling "foreclosure inquest" are elaborated in the Dekom Declaration, Second Declaration, Ex. UDAP, as amended. For instance, this includes the responsibility to enter a motion for poor person when a defendant self-represents (CPLR 3408). This has been hailed as the cornerstone protection of foreclosure defendants' rights (testimony of Hon. F. Dana Winslow December 2, 2010, to the House Committee on the Judiciary).  Dekom did self-represent, but the defendant Clerk made no order. The record indicates that no such order is ever made, despite it being essential to defendants' rights.

Defendant Goldberg delivered the defendant Clerk multiple legal documents (N1-80, N1-252. N1-256, N1-272) dated 10/10/14, which he signed. They were not served on Dekom and do not bear the recordation cover sheet of papers processed through the Clerk's office. This kept the documents out of the barcoded tracking system. The defendant Clerk then executed the "costs" page and signed it. She altered the judgment of foreclosure which Hon. Adams had signed a week earlier, writing in the referee, stickering it for the paper of record, the bank, and making other alterations (N1 265-7). She then timestamped the documents, December 11, 2014.

While others may have also handled the papers, the evidence is conclusive that Goldberg created and delivered them, they were not filed for recordation, and they were handled by the defendant Clerk. The presentation of costs before the case was decided, and unserved, evidences that the result was a foregone conclusion of the Clerk and treated accordingly. This is

7

supported by the evidence in testimony that often papers did not make it to the judge; instead they were diverted to "the back"- the Clerk's office (Dekom Decl. Amended, p.16).

The defendant Clerk's involvement in the Fannie Mae "ghost note" racket, its use in an embezzlement scheme, and how intentionally altering court records obscures it, is recounted at length in the record (see Dekom Second Declaration), citing public records. This includes misspelling the referee name "Mark Ricciardi" 14 different ways, making it almost impossible to track his participation.

The defendant Clerk's alteration of the case record by 1) including those papers not served and not processed, as well as 2) physically altering the judgment, 3) adding evidence to the record (the plaintiff's supplemental appendix), 4) preventing lawful defendant filings, and 5) altering records to illegally capture foreclosure surplus monies, are federal felony mishandling of court records, and in aid of the conspiracy, and racket, which violated Dekom's rights as described.

The facts illustrate the defendant Clerk's personal involvement in the violation of Dekom's rights, and participation in a racket, and conspiracy, along with others. This satisfies the elements of liability per 28 USC 1983, 1985, and racketeering, as alleged. The multiple fraud schemes have been alleged with particularity, in the complaint, in the exhibits, and supported by public records. The defendant Clerk's assisting and enabling the use of unlawful and illegal means to collect a debt, such as fraud, is a violation of the Fair debt Collections Practices Act. And, that the defendant Clerk's conduct was egregious, including denying the right to proceed poor, a cornerstone protection both at the federal level and specifically by the State of New York.

The defendant Clerk's wholesale exploited a position of trust to the end of perverting the sacred judicial process. The damages to Dekom have been particularized, and are reasonable for the causes of action.

Dekom also sought injunctive relief specific to the defendant Clerk. It included measures which prevent already prohibited behavior, including "shadow docketing". He later moved for that same relief, which the defendant Clerk did not oppose. That motion, made seven months ago, still remains open and without resistance.

WHEREFORE in relief, plaintiff Martin Dekom respectfully requests this Court grant this motion, find judgment in favor of his complaint as it relates to the defendant Clerk, assign to her damages of not less than $200,000 payable to Dekom; such additional damages as the Court finds appropriate; and further, enjoins the defendant Clerk from 1) accepting for filing any foreclosure summons and complaint without an RJI, or without a firsthand affidavit of service claiming to have delivered preforeclosure notices, 2) accepting any further submission in such cases already filed; 3) from handling, administering, or adjudicating foreclosure actions; and 4) enjoining the defendant Clerk, Maureen O'Connell, from the practice of law.

Submitted,

5 November 2018

Martin Dekom
9050 Sunset Dr.
Navarre, FL 32566
516 850-2717
Martin.dekom@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 5 November 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, making it, for purposes of Fed. R. Civ. P. 5, served and filed in compliance with the Local Civil Rules of the Southern and Eastern Districts of New York.