UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MARTIN DEKOM and on behalf of the LITTLE
PEOPLE

              Plaintiff,

vs

**Civil Action #: 17-cv-2712
(JFB)(ARL)**

FANNIE MAE, BANK OF AMERICA N.A.,
NATIONSTAR MORTGAGE LLC, NASSAU
COUNTY CLERK, ELISABETTA
COSHIGNANO, WILLIAM RICCIO,
BERKMAN HENOCH LAW FIRM, R. BRUCE
COZZENS, THOMAS A. ADAMS, GEORGE
PECH, ELLEN BRANDT, GROSS POLOWY
LAW FIRM, SANDELANDS EYET LAW
FIRM, ERIK VALLELY, MATTHEW
BURROWS, BRIAN GOLDBERG, HANS
AUGUSTIN, LAURA STRAUSS, OSCAR
PRIETO, GEOFFREY JACOBSON, KEIRAN
DOWLING, LAURENCE CHIRCH,
APRILANNE AGOSTINO, DARRELL
JOSEPH, RANDALL ENG, ALAN
SHEINKMAN, 8 MOTIONS CLERKS, 2ND
DEPARTMENT APPELLATE JUDGES,
PAWNS 1-100

              Defendant(s).
-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN REPLY IN FURTHER SUPPORT OF
MOTION TO DISMISS COMPLAINT AS TO GROSS POLOWY LLC S/H/A GROSS
POLOWY LAW FIRM, BRIAN GOLDBERG, LAURA STRAUSS & HANS AUGUSTIN**

## INTRODUCTION

The Defendants, Gross Polowy LLC s/h/a Gross Polowy Law Firm, Brian Goldberg Esq., Laura Strauss Esq., and Hans Augustin, Esq., through Gross Polowy LLC, submit this Memorandum of Law in Reply to the Opposition to Motion to Dismiss ("Opposition") filed by the Plaintiff, Martin Dekom ("Plaintiff") and in further support of their Motion to Dismiss the Third Amended Complaint. The Plaintiff's Opposition failed to demonstrate the existence of any factual or legal issues that preclude this Court from dismissing the Third Amended Complaint in its entirety, with prejudice. Therefore, the Defendants' motion must be granted in its entirety.

## ARGUMENT

In their motion, the Defendants proved why each alleged claim against them must be dismissed with prejudice. *See* ECF #180. In opposition, the Plaintiff is required to demonstrate one or more of his claims "states a claim for relief that is plausible on its face" to avoid dismissal under Fed. R. Civ. P. §12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2008) A claim has facial plausibility only when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Kemetis v. Fannie Mae*, 2017 U.S. Dist. LEXIS 11169, at *5 (N.D.N.Y. 2017); *Mangiafico v. Blumenthal*, 471 F. 3d 391, 398 (2d Cir. 2006); *Chambers v. Time Warner, Inc.*, 282 F. 3d 147, 152-153 (2d Cir. 2002); *Iqbal* at 678. The Third Amended Complaint did not contain any claims that were plausible on the face of the pleading, a fact further established by the woefully deficient Opposition papers in which the Plaintiff made no effort to prove any of the claims were plausible. On the contrary, the Opposition conspicuously omitted a single cite to any applicable case or rule as to any of the claims and, instead, he asserted baseless, conclusory, and wholly unsupported legal conclusions. *See* ECF #210 p. 23-25.

**The Third Amended Complaint Failed to State a Claim for Relief under the FDCPA, RESPA,**

## CPPA, or RICO

### Fair Debt Collection Practices Act

The FDCPA requires three interrelated elements to establish a claim: (1) the plaintiff "is a person who was the object of efforts to collect a consumer debt; (2) the defendant is a "debt collector" under the FDCPA, and; (3) the defendant has engaged in some act or omission in violation of the FDCPA's requirements. *See* 15 U.S.C. §1692e & 1692f; *Cohen v. Ditech Financial LLC*, 2017 U.S. Dist. LEXIS 43443, at *3 (E.D.N.Y. 2017); *Weaver v. Boriskin*, 2017 U.S. Dist. LEXIS at *13 (E.D.N.Y. 2017) Neither the Third Amended Complaint nor the Opposition contains any coherent allegation as to how the Defendants engaged in an act or omission in violation of the FDCPA's requirements within the 15 U.S.C. §1692k, one-year statute of limitations period. Insofar as the Plaintiff claimed Gross Polowy, LLC and Brian Goldberg violated the FDCPA through the attendance and participation at the October 30, 2014 foreclosure inquest hearing, any claim predicated on the action or inaction at the hearing is untimely because it occurred more than three years prior to the inception of this lawsuit against the Defendants. *Smith v. New Falls Corp.*, 2014 U.S. Dist. LEXIS 126621 (N.D.N.Y. 2014) Therefore, the FDCPA claim must be dismissed with prejudice.

### Real Estate Settlement Procedures Act

The Plaintiff's RESPA claim against the Defendants is equally deficient and untimely. The Opposition is devoid of any argument as to how or why the Defendants violated the Act. Instead, the Plaintiff states "[s]ee prior arguments."  As was the case with the FDCPA claim, any RESPA claim allegedly arising from the October 30, 2014 foreclosure inquest hearing cannot give rise to a timely claim because it occurred well outside the one-year limitations period. *McAnaney v. Astoria Fin. Corp.*, 357 F. Supp. 2d 578, 588 (E.D.N.Y. 2005); *Gorbaty v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 135513, at *10 (E.D.N.Y. 2014) Therefore, the Plaintiff's RESPA claim – already demonstrated to be implausible on its face – must be dismissed with prejudice. *Grimes v. Fremont Gen. Corp.*, 785 F. Supp.

2d 269, 289 (S.D.N.Y. 2011)

## Consumer Protection Practices Act

To state a claim under the CPPA, a plaintiff must allege the existence of a material fact that the defendant failed to state, such omission had a tendency to mislead, and the plaintiff relied on the misrepresentation and suffered damages as a result. *Simon v. Hofgard*, 172 F. Supp. 3d 308 (D. D.C. 2016) The applicability of D.C. Code §28-3901(c) is restricted to where consumer goods and services are or would be purchased, leased, or received in the District of Columbia. *In re GM LLC Ignition Switch Litigation*, 2016 U.S. Dist. LEXIS 92499, at *182 (S.D.N.Y. 2016); *Search v. Uber Techs., Inc.*, 128 F. Supp. 3d 222, 236 (D., D.C. 2015) The Third Amended Complaint is barren with respect to any such allegations and, therefore, the CPPA claim must also be dismissed.

## Racketeer Influenced and Corrupt Organizations Act

To state a RICO claim, the Plaintiff was required to allege the Defendants used income from a pattern of racketeering activity: (1) to acquire an interest in or to establish or operate an enterprise engaged in or affecting interstate commerce; (2) to acquire or maintain an interest in such an enterprise through a pattern of racketeering activity; (3) to conduct or participate in the conducting of such an enterprise through a pattern of racketeering activity, and; (4) to conspire to do any of the foregoing acts. *See* 18 U.S.C. §1962(a)-(d). The Third Amended Complaint is bereft of any such assertions and the Plaintiff – despite being given several months to oppose the motion - did not present an argument concerning this Act in the Opposition. Therefore, the RICO claim also must be dismissed with prejudice.

## **The Plaintiff's Claims Are Otherwise Barred by the Rooker-Feldman Doctrine, *Res Judicata*, and Collateral Estoppel**

In the motion, the Defendants demonstrated, *prima facie*, the Plaintiff's claims are barred by the Rooker-Feldman Doctrine because a United States District Court has no authority to review the final Judgment of Foreclosure and Sale entered in the Nassau County, New York residential mortgage foreclosure proceeding and affirmed in its entirety by the New York State Supreme Court – Appellate Division, Second Department.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005) (the doctrine precludes a district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments) Although the Plaintiff contended he was not "recasting a challenge to the judgment itself" (*See* ECF #210 p. 24), his contention is false because the relief he seeks is intertwined with and would negate the duly entered Judgment of Foreclosure and Sale. *Quiroz v. U.S. Bank, N.A.*, 2011 U.S. Dist. LEXIS 68948, at *19 (E.D.N.Y. 2011); *Craig v Saxon Mortgage Services, Inc.*, 2015 U.S. Dist. LEXIS 3819 (E.D.N.Y. 2015); *Cameron v. Church*, 253 F. Supp. 2d 611, 623 (S.D.N.Y. 2003)

The Defendants also proved the Plaintiff's claims are barred by *Res Judicata* and Collateral Estoppel for similar reasons. According to the doctrine of *res judicata*, a final adjudication of a claim on the merits precludes re-litigation of that claim and all claims arising out of the same transaction or series of transactions by a party or those in privity with a party. An action is barred by *res judicata* if: (a) the previous action involved an adjudication on the merits; (b) the previous action involved the plaintiffs or those in privity with them, and; (c) the claims asserted in the subsequent action were, or could have been, raised in the prior action. *Lachaab v. State Univ. of N.Y. (SUNY) Board of Trustees*, 715 Fed. Appx. 73, 74 (2d Cir. 2018) Collateral estoppel bars successive litigation of an issue of fact or law litigated and resolved in a valid court determination essential to the prior judgment. Issue preclusion applies if: (a) the issue in question was actually and necessarily decided in a prior proceeding, and (b) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the

first proceeding. *Von Maack v. 1199 SEIU Local*, 638 F. Appx. 66, 68 (2d Cir. 2016) The Plaintiff

attempted to disregard these well-established doctrines with the incoherent statement "liability attaches

at the time of the violation; the law does not give a hall pass to victors" (*See* ECF #210 (p. 24)), which

was woefully inadequate to establish either doctrine is inapplicable. As shown in the motion, the

Judgment of Foreclosure and Sale was final as to all questions at issue between the parties, and

concludes all matters of defense which were or could have been litigated in the foreclosure action,

including whether the parties complied with applicable laws and rules governing the New York State

mortgage foreclosure practice and procedure. *SSJ Dev. of Sheepshead Bay I, LLC v. Amalgamated Bank*,

128 A.D. 3d 674 (N.Y. App. Div. 2d Dept. 2015); *Dupps. v. Betancourt*, 121 A.D. 3d 746 (N.Y. App.

Div. 2d Dept. 2014); *TD Bank N.A. v. Talia Props., Inc.*, 110 A.D. 3d 1057 (N.Y. App. Div. 2d Dept.

2013) Furthermore, the doctrine of *res judicata* applied to the claims made against the attorneys who

represented the prevailing party because they are in privity, a fact the Plaintiff did not disprove. *Watts v.*

*Swiss Bank Corp.*, 27 N.Y. 2d 270, 277 (N.Y. 1970); *Tromba v. Eastern Fed. Sav. Bank, FSB*, 148 A.D.

3d 753 (N.Y. App. Div. 2d Dept. 2017); *Ciraldo v. JPMorgan Chase Bank, N.A.*, 140 A.D. 3d 912 (N.Y.

App. Div. 2d Dept. 2016); *Grant v. Aurora Loan Services*, LLC, 88 A.D. 3d 949 (N.Y. App. Div. 2d

Dept. 2011); *Eaddy v. Gross Polowy, LLC*, 2016 N.Y. Misc. LEXIS 4994 (N.Y Sup. Ct., Rockland Cty.,

2016) Therefore, every claim in the Third Amended Complaint must be dismissed with prejudice.

### The Plaintiff Failed to Show the Court Has Subject Matter Jurisdiction over Any Claim
### Purportedly Brought Pursuant to the Diversity Jurisdiction Statute

According to 28 U.S.C. §1332(a), the district courts shall have original jurisdiction of all

civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest

and costs, and is between: (1) citizens of different States; (2) citizens of a State and citizens or subjects

of a foreign state, except that the district courts shall not have original jurisdiction under this subsection

of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully

admitted for permanent residence in the United States and are domiciled in the same State; (3) citizens

of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a

foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different

States. There must be "complete" diversity among the parties, meaning that each defendant must be a

citizen of a different state from each plaintiff. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996)

In the Opposition and with respect to diversity jurisdiction, the Plaintiff stated "[the Defendants]

overlook that the case was in fact not brought in EDNY, but in DCDC." (*See* ECF #210 p. 25) However,

this is immaterial and irrelevant with respect to diversity jurisdiction because 28 U.S.C. §1332(a)(1)

requires the plaintiff and defendants to be citizens of different States, the Plaintiff was a citizen of New

York when the case was commenced, and the Defendants were citizens of New York when the case was

commenced and they were made parties. Furthermore, the Plaintiff did not allege the matter in

controversy between him and the Defendants exceeds any sum or value, much less $75,000.00.

Therefore, this Court lacks subject matter jurisdiction and the claims in the Third Amended Complaint

based on 28 U.S.C. §1332(a) must be dismissed with prejudice. *Palazzo v. Corio*, 232 F. 3d 38, 42 (2d

Cir. 2000); *Bayerische Landebank N.Y. Branch v. Aladdin Capital Management, LLC*, 692 F. 3d 42, 49

(2d Cir. 2012)


**The Plaintiff Failed to Disprove the Fact the Court Should Award Injunctive Relief against Him**

The Defendants demonstrated the Plaintiff engaged in years of frivolous litigation in this and

other related actions, as well as lawsuits against various public officials and court personnel. The docket

in this case is replete with duplicative, incoherent, rambling, vexatious, and voluminous filings meant to

harass and prejudice his adversaries.  The Plaintiff's prior attempts to litigate the issues presented to this

Court have been summarily rejected by trial and appellate courts in New York, and similar tactics were

unsuccessful in the United States District Court for the Eastern District of New York and United States

Court of Appeals for the Second Circuit. As a result, the Defendants were compelled to expend

countless hours appearing in court, opposing various requests for relief, and moving to dismiss baseless pleadings that were repeatedly amended. If this Court does not enjoin the Plaintiff from future filings against the Defendants regarding the foreclosed mortgage, Nassau County mortgage foreclosure proceeding, and his former Manhasset property, then the Defendants will be obligated and legally required to re-litigate the same points over the course of yet another protracted proceeding.

The Plaintiff's contention the record does not support the Defendants' claim he has a history of vexatious litigation (*See* ECF #210 p. 250) is laughable and palpably and objectively false. On the contrary, the United States District Judge and United States Magistrate Judge presiding over the case noted the Defendants' countless filings were excessive. The Plaintiff's self-serving claim "due process" (See ECF #210 p. 25) permits him to file a multitude of pleadings and motions in violation of well-established legal principles, rules, and statutes is a further indictment of his disregard and indignation towards the legal process and the rules of the New York State trial and appellate courts as well as those of this Court and the Second Circuit. If the Court needed further evidence the Plaintiff's efforts to harass and prejudice the Defendants will be unrelenting, his distorted perception of "due process" speaks volumes as to his undying intention to continue to re-litigate the same misperceptions in perpetuity. Therefore, this Court must enjoin the Plaintiff from filing further pleadings or motions related to the subject matter of this case.

## CONCLUSION

Based on the foregoing, the Third Amended Complaint must be dismissed with prejudice.

November 21, 2018
Westbury, New York

/SJV/
Stephen J. Vargas, Esq.