UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MARTIN DEKOM, and on behalf of the LITTLE PEOPLE,

                              Plaintiff,

                        - against -

FANNIE MAE, BANK OF AMERICA, N.A., NATIONSTAR MORTGAGE LLC, NASSAU COUNTY CLERK, ELISABETTA COSCHIGNANO, WILLIAM RICCIO, BERKMAN HENOCH LAW FIRM, R. BRUCE COZZENS, THOMAS A. ADAMS, GEORGE PECH, ELLEN BRANDT, GROSS POLOWY LAW FIRM, SANDELANDS EYET LAW FIRM, ERIK VALLELY, MATTHEW BURROWS, BRIAN GOLDBERG, HANS AUGUSTIN, LAURA STRAUSS, OSCAR PRIETO, GEOFFREY JACOBSON, KEIRAN DOWLING, LAURENCE CHIRCH, APRILANNE AGOSTINO, DARRELL JOSEPH, RANDALL ENG, ALAN SHEINKMAN, 8 MOTION CLERKS, 2ND DEPARTMENT APPELLATE JUDGES, PAWNS 1-100,

                              Defendants.

17-CV-02712
(JFB)(ARL)

------------------------------------------------------------------------ x

## BHPPF DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) and (6)

BERKMAN, HENOCH, PETERSON, PEDDY & FENCHEL, P.C.
*Attorneys for Defendants Berkman, Henoch, Peterson, Peddy & Fenchel, P.C. s/h/a Berkman Henoch Law Firm, Erick Vallely s/h/a Erik Vallely & Matthew Burrows*
100 Garden City Plaza
Garden City, New York 11530
516-222-6200

**PRELIMINARY STATEMENT**

Berkman, Henoch, Peterson, Peddy & Fenchel, P.C. s/h/a Berkman Henoch Law Firm, Erick Vallely s/h/a Erik Vallely ("Vallely"), and Matthew Burrows ("Burrows") (collectively referred to as "BHPPF") respectfully submit this memorandum of law in further support of their motion to dismiss the Plaintiff's Third Amended Complaint (hereinafter the "Complaint") pursuant to the Fed. R. Civ. P. ("FRCP") 12(b)(1) and 12(b)(6) (the "Motion") and in reply to Plaintiff's opposition submitted herein.

As a preliminary matter, Plaintiff's opposition utterly fails to include any citation to law whatsoever to refute the clear, long-standing legal principles set forth in the BHPPF's Motion. Rather, Plaintiff seeks to avoid dismissal of his Complaint by reliance upon arguments that are predicated upon unsupported conclusory allegations of law and distinctions without a difference. Indeed, Plaintiff's arguments only buttress BHPPF's assertions that the Complaint must be dismissed pursuant to FRCP 12(b)(1).

In any event, Plaintiff's Complaint fails to meet the basic pleading standards of FRCP 8 as against BHPPF. Indeed, the only specific factual allegation in the Complaint directed towards BHPPF merely identifies BHPPF as one of the law firms that represented the foreclosing bank in the Foreclosure Action. *Exhibit "A"* at ¶15.[1] Notably, in his opposition, Plaintiff only sets forth three (3) additional facts related to BHPPF: (1) that on March 25, 2012 BHPFF mailed Plaintiff a notice stating that the mortgage debt was owed to "BAC Home Loans Servicing LP," (2) that Vallelly signed the complaint in the Foreclosure Action, and (3) that in March 2014 Burrows filed a request for judicial intervention. *Pltff. Mem. pp.1-2.* Each of these allegations is

---

[1] All exhibits referenced herein are annexed to the Declaration of Donna A. Napolitano, dated August 6, 2018, submitted with BHPPF's moving papers, unless otherwise noted.

insufficient to meet the pleading standards of FRCP 8 and, thus, the Motion must be granted in its entirety.

## STATEMENT OF FACTS

BHPPF respectfully refers this Court to its moving memorandum of law for a complete recitation of the relevant facts. Notably, Plaintiff alleges that BHPPF impermissibly relies upon documents outside of the pleadings and on "facts not in evidence." *Pltff. Mem. pp. 18-19*. While the facts set forth in the Complaint are presumed true for the purposes of this Motion, the documents annexed to BHPPF's moving papers and upon which the defendants rely may be considered by this Court as same are (i) "integral" to the Complaint and relied upon in it, (ii) within Plaintiff's possession or knowledge and were relied upon in framing the Complaint, or (iii) subject to judicial notice. *See Bais Yaakov of Spring Valley v. Alloy, Inc.*, 936 F. Supp. 2d 272, 277-78 (S.D.N.Y. 2013). Indeed, in the Complaint, Plaintiff specifically states that the Court may take judicial notice of the Foreclosure Action and Quiet Title Action, together with all appeals related thereto, "as well as published documents, and public databases." *Exhibit "A" at ¶25*. Plaintiff cannot now conveniently argue to this Court that BHPPF's reliance upon same is improper.[2]

## ARGUMENT

### POINT I

### PLAINTIFF'S CLAIMS ARE BARRED BY THE ROOKER-FELDMAN DOCTRINE

In opposition to the Motion, Plaintiff goes to great lengths to argue that his Complaint is not an attack on the underlying Judgment of Foreclosure and Sale in an attempt to avoid the dismissal of his Complaint pursuant to FRCP 12(b)(1). *Pltff. Mem. pp. 6-12*. Plaintiff's

---

[2] In this regard, BHPPF is not seeking summary judgment pursuant to FRCP Rule 56 and Plaintiff's request for an evidentiary hearing must be denied.

arguments, however, completely ignore the law surrounding the *Rooker-Feldman* doctrine and make hair-splitting distinctions which do not change the conclusion that his Complaint must be dismissed.

As an initial matter, Plaintiff's allegation that he is not a "state-court loser" due to the fact that he is appealing the Nassau County Supreme Court's grant of the Judgment of Foreclosure and Sale and the Appellate Division's affirmance of same to the New York Court of Appeals is meritless. A Judgement of Foreclosure and Sale is a final adjudication on the merits and Plaintiff unequivocally "lost" the Foreclosure Action upon the State Court's grant of same. *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 164 (E.D.N.Y. 2010); *Ashworth v. Boggio*, 15-CV-948, 2016 U.S. Dist. LEXIS 98360 at *13 (E.D.N.Y. July 26, 2016) (Lindsay, J.).

Moreover, the Complaint clearly "complains of injuries caused by a state court judgment" and invites this Court's review and rejection of the Judgment of Foreclosure and Sale, satisfying the substantive factors of *Rooker-Feldman*. *Swiatkowski*, 745 F. Supp. 2d at 164 *citing Hoblock v. Albany County Bd. of Elections*, 422 F.2d 777, 785 (2d Cir. 2005). Indeed, Plaintiff attempts to avoid this result by making the distinction that "Dekom complains at length about the process which preceded judgment; whereas Rooker-Feldman applies only to complaints about the effects after losing judgment." *Pltff. Mem. p. 7*. Plaintiff's assertion, which is wholly unsupported by law, is incorrect. Reading the complaint as a whole, "plaintiffs' injuries all stem from the action[s] taken by Fannie Mae [and the other defendants herein] in the Nassau County Supreme Court" to enforce the terms of the Note and Mortgage following Plaintiff's default – such claims are inextricably intertwined with the foreclosure proceeding mandating dismissal of the Complaint. *Ashworth*, 2016 U.S. Dist. LEXIS 98360 at *13-14; *Swiatkowski*, 745 F. Supp. 2d at 165. Indeed, "[i]f adjudication of a claim in federal court would require the court to determine

that a state court judgment was erroneously entered or was void, the claim is inextricably intertwined with the merits of the state court judgment." *Swiatkowski*, 745 F. Supp 2d. at 166 *citing Kropelnicki v. Siegel*, 290 F.3d 118, 129 (2d Cir. 2002). In fact, the District Courts have routinely held that federal plaintiffs may not circumvent the dictates of *Rooker-Feldman* by recasting their claims in terms of fraud, conspiracy and civil rights violations where their claims are inextricably intertwined with state court judgments. *Ashworth*, 2016 U.S. Dist. LEXIS 98360, at *14-15; *Jing Chun Wu v. LeVine*, 2005 U.S. Dist. LEXIS 21051, at *7-8 (E.D.N.Y. June 3, 2005, *aff'd Jing Chun Wu v. LeVine*, 314 Fed. Appx. 376 (2d Cir. 2009); *Kropelnicki,* 290 F.3d at 128.

Despite Plaintiff's protestations to the contrary, the claims set forth in the Complaint and in Plaintiff's opposition make it clear that, by way of this action, Plaintiff seeks to have this Court review and reject the Judgment of Foreclosure and Sale. *Pltff. Mem. pp. 6 ("For Rooker-Feldman to apply, the original proceeding must have been full and fair. Dekom has alleged that it was not."), 7 ("Other examples of illegitimacy of the 'foreclosure inquest' is that the motions required by Real Property and Civil Procedure statutes were not made in this action."); 10 ("a judgment derived from a process in which the opportunity to be heard was unduly burdened is not a valid judicial determination, and is not entitled to respect by any other court.");* Exhibit "A" at ¶¶ 30 *("the result of this 'foreclosure inquest' was a judgment of foreclosure obtained illegally."), 100 (seeking damages for value of home)*. Thus, the Motion must be granted in its entirety.

Plaintiff further claims that the Complaint sets forth events that occurred after the issuance of the Judgment of Foreclosure and Sale that should not be barred by *Rooker-Feldman*. The only such event discussed in the Complaint is the Quiet Title Action commenced in 2016 by

4

Nationstar, which action was discontinued and which decision Plaintiff appealed to the Appellate Division, Second Department without success. *Exhibits "A" at ¶¶37, "O," "Q."* BHPPF, however, did not represent Nationstar in that proceeding and this argument is irrelevant with respect to Plaintiff's claims against BHPPF. *See Exhibit "M."* Thus, the Motion must be granted in its entirety.

## POINT II

### PLAINTIFF'S CLAIMS AS AGAINST BHPPF ARE BARRED BY COLLATERAL ESTOPPEL

As set forth in BHPPF's Motion, pursuant to New York law, "issue preclusion applies if (1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Von Maack v. 1199 SEIU Local,* 638 Fed. Appx. 66, 68 (2d Cir. 2016). Notably, the party challenging the application of the doctrine of collateral estoppel "bears the burden of showing that he or she did not have a full and fair opportunity to adjudicate the claims involving those issues." *Ashworth*, 2016 U.S. Dist. 98360 at *17-18 (internal citation omitted); *Lamberti v. Plaza Equities, LLC*, 161 A.D.3d 837, 839 (2d Dep't 2018).

Plaintiff has utterly failed to meet his burden in this regard. In fact, Plaintiff does not dispute that all of the issues he raises in this proceeding with respect to the Foreclosure Action were fully addressed by the state courts. *Pltff. Mem. pp.11-13; Compare Exhibit "A" at ¶¶28, 34, 39, 45 with Exhibits "I" at pp. 3, 7, 8, "J" at pp. 2, 3, 6, "K," "L," "P."* Rather, Plaintiff alleges that the inquest was not a "full and fair hearing" and, as such, collateral estoppel should not be applied herein. *Pltff. Mem. p. 12.* The merits of the foreclosure inquest, however, were fully considered by the Nassau County Supreme Court and the Appellate Division, Second Department, and, thus, Plaintiff should be precluded from relitigating these issues. *Lamberti*, 161

5

A.D.3d at 839 (plaintiff's claims barred by collateral estoppel were issues were previously adjudicated by supreme court and appellate division). Thus, all of Plaintiff's claims must be dismissed on the basis of collateral estoppel.

## POINT III

### PLAINTIFF'S FIRST CAUSE OF ACTION SETTING FORTH CLAIMS UNDER RESPA AND TILA UTTERLY FAILS TO STATE A CAUSE OF ACTION AS AGAINST BHPPF

Plaintiff's sole opposition to BHPPF's arguments regarding the dismissal of Plaintiff's claims under the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") is that Plaintiff has alleged an "ongoing pattern and practice" of "Fannie Mae and others" in concealing "their interest in the mortgage Note" by failing to make public filings which tolls the applicable statutes of limitations and that Plaintiff's claims under TILA became exempt from the statute of limitations when Bank of America instituted the Foreclosure Action. *Pltff. Mem. p. 14*. Plaintiff's arguments, which are wholly unsupported by law, are utterly baseless.

While Plaintiff appears to predicate his request for equitable tolling on a theory of fraudulent concealment, "[a] plaintiff seeking to toll the applicable statute of limitations due to fraudulent concealment of a violation by a defendant ordinarily must meet the particularity standard of Federal Rule of Civil Procedure 9(b), which requires that in alleging fraud, a party must state with particularity the circumstances constituting the fraud." *Lopez v. Bayview Loan Servicing, LLC*, 2017 U.S. Dist. LEXIS 125392, at *16-17 (S.D.N.Y. Aug. 8, 2017). The only allegations Plaintiff sets forth specifically as against BHPPF are that (1) in 2012 BHPPF mailed Plaintiff a notice that the mortgage debt was owed to BAC Home Loans Servicing, (2) in June 2013 Vallely signed the complaint filed in the Foreclosure Action, and (3) in March 2014,

6

Burrows filed a request for judicial intervention in the Foreclosure Action. *Pltff. Mem. pp.1-2; Exhibit "A" at ¶15*. These claims are undoubtedly barred by the one (1) year statute of limitations applicable to TILA (15 U.S.C. § 1640(e)) and the three (3) year statute of limitations applicable to RESPA (12 U.S.C. § 2614) and Plaintiff has failed to set forth any specific factual allegations as against BHPPF in order to toll the statute of limitations periods under a theory of fraudulent concealment. Indeed, while "the pleading standard Rule 8 announces does not require detailed factual allegations . . . it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal citation omitted). Plaintiff's allegations under RESPA and TILA have clearly failed to provide this Court and BHPPF with "the grounds of his entitlement to relief" and must be dismissed on this basis alone. *Twombly,* 550 U.S. at 555.

Moreover, Plaintiff fails to even address BHPPF's arguments that (1) BHPPF is not a loan servicer and thus Plaintiff's RESPA's claim predicated upon defendants' alleged failure to respond to Qualified Written Requests fails as a matter of law and (2) that Plaintiff has failed to specifically allege damages resulting from defendants' alleged failure to respond to Qualified Written Requests, mandating dismissal. Accordingly, the Motion must be granted in its entirety.

## POINT IV

### PLAINTIFF'S CLAIM UNDER THE FDCPA IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS AND, IN ANY EVENT, FAILS TO STATE A CLAIM AS AGAINST BHPPF

Plaintiff erroneously argues that his claims pursuant to the Fair Debt Collection Practices Act ("FDCPA") are not barred by the one (1) year statute of limitations applicable to same as "the foreclosure proceeding is in fact still ongoing, now before the NY Court of Appeals." *Pltff. Mem. p. 19*. Plaintiff's argument, however, is irrelevant to the determination of the issues at hand.

7

Notably, in his opposition Plaintiff concedes that his FDCPA claims stem from the Foreclosure Action. *Pltff. Mem. p. 19*. In this regard, "when the alleged violation of the FDCPA is the filing of a lawsuit . . . the statute of limitations began to run on the filing of the complaint." *Bonner v. Bank of N.Y. Mellon*, 2016 U.S. Dist. LEXIS 22058, at *12 (E.D.N.Y. Feb. 22, 2016). As the Foreclosure Action was commenced on July 17, 2013, Plaintiff's claims under the FDCPA are undoubtedly time-barred. 15 U.S.C. § 1692k(d); *Exhibit "D."*[3] Moreover, Plaintiff's opposition utterly fails to address BHPPF's argument that, notwithstanding the fact that Plaintiff's claim is time-barred, Plaintiff's FDPCA claim as against BHPPF fails to meet the pleading requirements of FRCP 8. Therefore, Plaintiff's claim must be dismissed.

## POINT V

### PLAINTIFF'S THIRD CAUSE OF ACTION PURSUANT TO DCCPPA MUST BE DISMISSED

Pertinently, Plaintiff wholly fails to even address BHPPF's arguments regarding his claims pursuant to the District of Columbia Consumer Protection Procedures Act ("DCCPAA"). *Pltff. Mem. 19*. While Plaintiff indicates to this Court that the arguments set forth in response to the motion of Fannie Mae equally apply to BHPPF's arguments concerning the DCCPAA, Plaintiff's arguments therein do not address the fact that Plaintiff fails to allege that BHPPF, a Garden City, NY based law firm, provided Plaintiff with "goods or services" within the District of Columbia, which is fatal to Plaintiff's cause of action. *Pltff. Mem. pp. 15*. Thus, BHPPF's Motion must be granted in its entirety. *In re GM LLC Ignition Switch Litig.,* 2016 U.S. Dist. LEXIS 92499, at * 181 (S.D.N.Y. July 15, 2016), *citing* D.C. Code § 28-3901(c).

---

[3] Notably, in its moving papers, BHPPF provided Plaintiff with the benefit of the doubt, and argued that even if the statute of limitations governing an FDCPA claim were measured from the grant of the Judgment of Foreclosure and Sale on December 2, 2014, which constituted a final adjudication on the merits, Plaintiff's claims would nonetheless be time-barred. *See BHPPF's moving memorandum of law at Point IV*. Plaintiff, however, misinterpreted this argument as indicating that the statute of limitation for the purposes of a FDCPA claim related to the filing of a foreclosure action should be measured from the termination of same. Such is not the case.

8

## POINT VI

## PLAINTIFF'S CLAIM FOR FRAUD FAILS TO MEET THE PLEADING REQUIREMENTS OF FRCP 9(b)

Notwithstanding the fact that the merits of the Foreclosure Action were fully litigated before both the Nassau County Supreme Court and the Appellate Division, Second Department, in an attempt to salvage his claim of fraud, Plaintiff alleges that "BHPPF by and through its attorneys Vallely and Burrows impermissibly shadow docketed the foreclosure action, made false and misleading statements, and pursued the prosecution of the action 2014, although its client no longer had authority to do so . . . ." *Pltff. Mem. pp. 19-20.*

As set forth in the Motion, "in order to comply with Rule 9(b), the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006). Further, under New York law, the elements of common law fraud are: "(1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance." *Barnett*, 60 F. Supp. 3d at 389-90 *citing Banque Arabe de Internationale D'Investissement v. Md. Nat'l Bank*, 57 F.3d 146, 153 (2d Cir. 1995). Plaintiff's Complaint utterly fails to meet this standard with respect to BHPPF. Furthermore, Plaintiff's request for leave to amend his Complaint in the event this Court determines that any of his claims are insufficiently pled must be denied as Plaintiff has already amended his complaint on three (3) occasions.

9

## POINT VII

### PLAINTIFF'S MALICIOUS PROSECUTION CLAIM MUST BE DISMISSED

In his opposition, Plaintiff utterly fails to address BHPPF's arguments seeking dismissal of Plaintiff's malicious prosecution claim. *Pltff. Mem. pp.*19. While Plaintiff again refers this Court to his arguments opposing Fannie Mae's motion, BHPPF raised different issues requiring the dismissal of this cause of action. Namely, the fact that BHPPF did not commence the Quiet Title Action (on which Plaintiff predicates his claim) nor did it represent any party in that action, thus, requiring dismissal as against BHPPF. *Secard v. Wells Fargo Bank, N.A.*, 2015 U.S. Dist. LEXIS 144412, at *12 (E.D.N.Y. Sept. 9, 2015); *Exhibit "A" at ¶¶93-98; Exhibit "M."*

## POINT VIII

### THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION UNDER THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

Again, Plaintiff utterly fails to address any of BHPPF's arguments mandating dismissal of Plaintiff's cause of action pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"). *Pltff. Mem. pp.19-20.* These arguments include, but are not limited to: Plaintiff's failure to plead his RICO claim predicated upon fraud with the requisite particularity with respect to each defendant (*Pieper v. Benerin, LLC,* 972 F. Supp. 2d 321, 328 (E.D.N.Y. 2013)); Plaintiff's failure to plead a RICO enterprise (*Hefferman v. HSBC Bank USA,* 2001 WL 803719, at *5 (E.D.N.Y. Mar. 29, 2001)); the fact that attorneys do not become part of a RICO enterprise or otherwise risk liability for aiding and abetting a RICO enterprise merely by providing legal representation (*see, e.g., Morin v. Trupin*, 835 F. Supp. 126, 132-36 (S.D.N.Y. 1993)) and, Plaintiff's failure to allege a pattern of racketeering activity (*H.J. Inc. v Northwestern Bell Tel. Co.,* 492 U.S. 229, 232-33 (1989)). Thus, Plaintiff's cause of action pursuant to RICO must be dismissed.

## **CONCLUSION**

Based upon the foregoing, BHPPF respectfully requests that Plaintiff's Complaint be dismissed in its entirety, with prejudice, together with such other and further relief as this Court deems proper.

Dated: Garden City, New York
　　　　November 21, 2018

　　　　　　　　　　　　　　　　　　　　　BERKMAN, HENOCH, PETERSON,
　　　　　　　　　　　　　　　　　　　　　PEDDY & FENCHEL, P.C.

　　　　　　　　　　　　　　　　　　　　　By: _____/s/_____
　　　　　　　　　　　　　　　　　　　　　　　　Donna A. Napolitano
　　　　　　　　　　　　　　　　　　　　　　　　Kaitlyn A. Costello
　　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Berkman, Henoch,*
　　　　　　　　　　　　　　　　　　　　　　　　*Peterson, Peddy & Fenchel, P.C.*
　　　　　　　　　　　　　　　　　　　　　　　　*s/h/a Berkman Henoch Law Firm,*
　　　　　　　　　　　　　　　　　　　　　　　　*Erick Vallely s/h/a Erik Vallely and*
　　　　　　　　　　　　　　　　　　　　　　　　*Matthew Burrows*
　　　　　　　　　　　　　　　　　　　　　　　　100 Garden City Plaza
　　　　　　　　　　　　　　　　　　　　　　　　Garden City, New York 11530
　　　　　　　　　　　　　　　　　　　　　　　　(516) 222-6200