**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

―――――――――――――――――――――― x
MARTIN DEKOM,                              :
                                           :
      Plaintiff,                          :  Case No. 2:17-cv-02712-JFB-ARL
                                           :
v.                                         :
                                           :
FANNIE MAE, BANK OF AMERICA, N.A.,         :
et al.,                                    :
                                           :
      Defendants.                         :
                                           :
―――――――――――――――――――――― x

**DEFENDANT BANK OF AMERICA, N.A.'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendant Bank of America, N.A. ("BANA"), through its attorneys, respectfully submits this Reply Brief in further support of its Motion to Dismiss Plaintiff's Third Amended Complaint ("Motion to Dismiss," Doc. 181), and in response to Plaintiff Martin Dekom's ("Plaintiff" or "Dekom") Opposition to Motion to Dismiss (the "Opposition," Doc. 210). Because the Opposition does not overcome the numerous reasons for dismissal set forth in the Motion to Dismiss and its supporting Memorandum of Law (Doc. 181-1), the Court should dismiss the Third Amended Complaint (the "Complaint") in its entirety, with prejudice.

**I.    SUMMARY OF THE REPLY**

Plaintiff's Opposition is replete with self-serving statements attacking and challenging the state court Foreclosure Action and Extinguishment Action, as well as court orders issued in those prior actions. But as discussed in detail in the Motion to Dismiss, Plaintiff cannot use this lawsuit to re-litigate issues relating to those prior state court proceedings. Yet, that is precisely what the Complaint and Opposition seek to accomplish, as Plaintiff continues his assault on judicial personnel, court procedures, and any law firm and entity that played any part whatsoever in those

prior actions. Because Plaintiff's allegations and arguments each stem from the Foreclosure Action and/or the Extinguishment Action, the doctrines of *Rooker-Feldman*, res judicata, and collateral estoppel apply, collectively or alternatively, and each requires a dismissal of the Complaint. In the alternative, to the extent the Court concludes those doctrines do not apply, the Court should dismiss the Complaint for failure to state a plausible claim for relief, as Plaintiff's allegations constitute legal conclusions couched as factual allegations, as well as conclusory statements devoid of fact, which do not support a cognizable claim for relief.

Accordingly, because Plaintiff's Opposition does not overcome the reasons for dismissal set forth in the Motion to Dismiss, the Court should dismiss Plaintiff's Complaint, with prejudice and without further leave to amend. Plaintiff has been allowed to freely amend his pleadings three times and has had ample opportunities to plead his best case, and no amount of amendment could cure his pleading deficiencies in view of applicable state and federal law.

## II.     ARGUMENT AND AUTHORITIES

### A.     The *Rooker-Feldman* Doctrine Applies.

The Second Circuit has expressly held that "[u]nderlying the *Rooker-Feldman* doctrine is the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions." *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009). The Second Circuit has also held that the *Rooker-Feldman* doctrine applies where: (1) the plaintiff in the federal action lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the state court judgment was entered before the federal action was filed; and (4) the plaintiff seeks federal review and rejection of the state judgment. *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). *Rooker–Feldman* applies regardless of whether the challenged state court judgment is being appealed in the state courts when the federal case begins; regardless of the status of any state court appeals, the litigant is still

2

seeking federal review of a state-court judgment. *Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, 701 F. Supp. 2d 340, 348 (E.D.N.Y. 2010).

In the Opposition, Plaintiff argues that *Rooker-Feldman* does not apply here because "he was subject to an unlawful 'expedited' process, 'foreclosure inquest,'" which he claims "violates the US and State Constitutions," and as a result, the "original proceeding," i.e., the Foreclosure Action was not "full and fair." Opp. at 6. Yet, Plaintiff does not cite a single state or federal case or other legal authority holding that the inquest procedure is unlawful or otherwise violates a foreclosure defendant's constitutional rights, and that is because no such authority exists. To the contrary, as the Judicial Defendants note in their Reply Brief, inquest hearings are expressly authorized under New York Judiciary Law § 2-b(3), *see* Doc. 212 ¶ 9, and they are routinely held in foreclosure actions in several counties throughout New York State.

Furthermore, Plaintiff fully availed himself of the appellate procedures afforded by the State of New York with regard to both the Foreclosure Action and the Extinguishment Action by filing appeals in both actions. Thus, he cannot plausibly allege that the *Rooker-Feldman* doctrine does not apply to some or all of his claims. To the contrary, the *Rooker-Feldman* doctrine was designed to address situations such as this, as its purpose is to prevent federal courts from entertaining "cases brought by state-court losers complaining of injuries caused by state court judgments" which invite federal courts to sit in appellate review of those state court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indis. Corp.*, 544 U.S. 280, 284 (2005). Here, Plaintiff's alleged injuries all stem from BANA's—and later Nationstar's—efforts to enforce the contractual rights conferred by the Mortgage following Plaintiff's admitted default vis-à-vis the Foreclosure Action and Nationstar's efforts to clear title to the Property vis-à-vis the Extinguishment Action so that it could foreclose. Thus, the Complaint indisputably asks this Court to sit in appellate

3

review of the state court's now-affirmed Judgment of Foreclosure, as well as the Order Discontinuing Extinguishment Action. Accordingly, Plaintiff's allegations are inextricably intertwined with those state court orders, and the *Rooker-Feldman* doctrine applies here.

For these reasons and those set forth in the Motion to Dismiss, the Court should conclude that the *Rooker-Feldman* doctrine applies and should dismiss the Complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

### B. Plaintiff's Claims Are Barred by the Doctrines of Res Judicata and/or Collateral Estoppel.

The doctrines of res judicata and collateral estoppel bar Plaintiff's Complaint in its entirety. The doctrine of res judicata precludes parties or their privies from re-litigating issues that were or could have been raised in a prior action. *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). Under New York's transactional approach, all claims arising out of the same transaction or series of transactions are barred by res judicata once a final judgment has been rendered, "even if based upon different theories or if seeking a different remedy." *Sosa v. JP Morgan Chase Bank*, 33 A.D.3d 609, 611, 822 N.Y.S.2d 122 (2d Dept. 2006). Thus, res judicata or claim preclusion bars not only the re-litigation of all matters decided in a prior proceeding but those that could have been litigated as well. *See id.* Related to res judicata, collateral estoppel requires that: (1) the identical issue necessarily must have been decided in the prior action and be decisive of the present action" and (2) "the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination." *Jenkins v. City of New York*, 478 F.3d 76, 85 (2d Cir. 2007).

As with *Rooker-Feldman*, Plaintiff's Opposition raises the "full and fair" argument again, as it pertains to the inquest procedure, in opposing the applicability of res judicata and collateral estoppel to his claims. Opp. at 11-12. Plaintiff also argues without legal support that res judicata

does not apply because "New York is not a compulsory counterclaim state" and "res judicata does not apply when there is new evidence." Opp. at 11. But again, those arguments hold no water and are insufficient to show that res judicata and/or collateral estoppel are inapplicable here because: (i) Plaintiff's Counts One through Four and Eight stem from his attacks on the Foreclosure Action and the validity of the Mortgage and/or Note, which served as the basis for the now-affirmed Judgment of Foreclosure; and (ii) Plaintiff's Count Five stems from his attacks on the Order Discontinuing Extinguishment Action. Thus, Plaintiff's claims relate directly to issues that were decided in the Foreclosure Action and/or the Extinguishment Action, and alternatively, they are part of the same transaction or series of transactions that formed the basis of the Judgment of Foreclosure and/or the Order Discontinuing Extinguishment Action. Furthermore, because Plaintiff filed appeals in both the Foreclosure Action and the Extinguishment Action, and because the records of proceedings before the Superior Court in those actions were before the Appellate Division as part of those appeals, Plaintiff had a "full and fair" opportunity to present his arguments on appeal, and he cannot plausibly argue or allege that there is "new evidence" regarding those prior state court actions which precludes the applicability of res judicata and/or collateral estoppel to his claims in this action.

Accordingly, for these reasons and those set forth more fully in the Motion to Dismiss, Plaintiff's claims are barred by res judicata and/or collateral estoppel as a matter of law, and the Court should dismiss them, with prejudice, pursuant to Rule 12(b)(6).

### C.     **Plaintiff Fails to State a Plausible Claim for Relief.**
#### 1.     **Plaintiff's RESPA and TILA Claims (Count One) Fail.**

The Court should dismiss Plaintiff's RESPA claim, with prejudice, because Plaintiff does not and cannot state a plausible RESPA claim against BANA. As discussed in the Motion to Dismiss, Plaintiff's Complaint fails to make any specific allegations concerning BANA in support

5

of his RESPA claim, and the exhibits to which he refers as "Exhibit RSP" to support his RESPA claim, which he previously filed with the Court as Doc. 42, only include correspondence between Plaintiff and Nationstar.  Moreover, because BANA ceased servicing the Loan on September 1, 2013, and because Plaintiff did not assert his RESPA claim against BANA until more than three years later, Plaintiff's RESPA claim is time-barred by the three-year statute of limitations set forth in 12 U.S.C. § 2614.  While Plaintiff argues in the Opposition that "BANA disguised that it was a debt collector subject to FDCPA," Opp. at 21, Plaintiff cannot ignore the fact that the Complaint is silent as to BANA and only references Nationstar.  Finally, under *Spokeo, Inc. v. Robins*, -- U.S. --, 136 S.Ct. 1540, 1548 (2016), Plaintiff lacks Article III standing to bring a RESPA claim because he does not allege sufficient facts to show he suffered any actual damages as a result of an alleged violation of RESPA by BANA, nor can he, since his Complaint is devoid of factual allegations regarding a RESPA violation by BANA.

The Court should also dismiss Plaintiff's TILA claim with prejudice because Plaintiff does not and cannot state a plausible TILA claim against BANA.  In support of his TILA claim, Plaintiff alleges in the Complaint that "defendants violated TILA by not disclosing to Dekom the multiple changes in ownership of the subject mortgage."  Doc. 144 ¶ 70.  Plaintiff, however, does not identify which provision of TILA he alleges was violated.  *See generally* Doc. 144.  This alone justifies a dismissal of Plaintiff's claim.  Furthermore, to the extent Plaintiff seeks to bring a claim for violation of Section 1641(g) of TILA, any claim based on the 2011 Assignment (recorded on March 10, 2012) or the 2014 Assignment (recorded on July 10, 2014) is time-barred by the one-year statute of limitations applicable to TILA claims under 15 U.S.C. § 1640(e).  Because a TILA claim accrues on the date of the alleged non-disclosure, which in this instance is the date of each assignment of the Mortgage, i.e., December 28, 2011 for the 2011 Assignment and June 17, 2014

6

for the 2014 Assignment, or the dates that the assignments were recorded, and because Plaintiff did not file suit until April 27, 2017, any purported TILA claim is time-barred as a matter of law with respect to both assignments of the Mortgage. 15 U.S.C. § 1640(e). In addition, in the absence of allegations that Plaintiff suffered actual damages as a result of BANA's alleged failure to notify him that the Mortgage was assigned, his claim fails under *Spokeo,* 136 S.Ct. at 1548, for the same reasons that his RESPA claim. Finally, the Opposition is silent as to his TILA claim against BANA. *See* Opp. at 21. Thus, the Court should dismiss Plaintiff's TILA claim with prejudice.

For these reasons and those set forth in the Motion to Dismiss, Plaintiff does not state a plausible claim against BANA for violation of RESPA or TILA. Thus, the Court should dismiss Count One in its entirety, with prejudice.

### 2. Plaintiff's FDCPA Claim (Count Two) Fails.

BANA moved to dismiss Plaintiff's FDCPA claim on grounds that BANA is exempt from FDCPA liability because during the time that it serviced the Loan, it was collecting a debt owed to itself. In the Opposition, Plaintiff argues that "BANA's assignment upon which it relies was post default" and that "post default servicers pursuing foreclosure do not qualify as original owners." Opp. at 21. But Plaintiff clearly misunderstands FDCPA law, as the U.S. Supreme Court has made clear that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA. *Henson v. Santander Consumer USA, Inc.*, -- U.S. --, 137 S.Ct. 1718, 1721 (2017) (the FDCPA does not apply to "a debt owner seeking to collect debts for itself"). Because BANA began servicing Plaintiff's loan in 2007, shortly after its origination, it is not a "post-default servicer" as Plaintiff contends, and it is statutorily exempt from liability under the FDCPA. *Id.* Thus, for these reasons and those set forth in the Motion to Dismiss, the Court should dismiss Count Two with prejudice.

7

### 3. Plaintiff's Claim for Violation of the DC CCPA (Count Three) Fails.

Plaintiff does not articulate any arguments in support of his claim for violation of the DC CCPA against BANA in the Opposition. Instead, he simply states: "See prior arguments." Opp. at 21. But as discussed in the Motion to Dismiss, Plaintiff does not allege a single fact to show that any laws imposed by the Code of the District of Columbia apply to the instant action, nor does he allege facts to show that BANA committed any acts in the District of Columbia that would make the DC CCPA applicable here. Because Plaintiff fails to allege any facts that would create a nexus between the subject matter of the Complaint, i.e., the loan and the Property, and the District of Columbia or its statutory laws, and because Plaintiff fails to allege facts to show BANA violated the DC CCPA, the Court should dismiss Count Three with prejudice.

### 4. Plaintiff's Claims for Fraud and Wrongful Foreclosure (Count Four) Fail.

As with his claim for violation of the DC CCPA, Plaintiff does not articulate any arguments in support of his claim for fraud against BANA in the Opposition. Instead, he simply states: "See prior arguments." Opp. at 21. But as discussed in the Motion to Dismiss, the only alleged misrepresentation identified by Plaintiff in support of his fraud claim is that "Fannie Mae, Nationstar, BofA, and their agents purported that the foreclosure process was a bond fide legal proceeding, including the 'foreclosure inquest,' when they knew it was not." Doc. 144 ¶ 88. These conclusory and self-serving allegations are devoid of fact and are insufficient to state a plausible claim for common law fraud under New York law or to meet the heightened pleading requirements of Rule 9(b), particularly where, as here the Appellate Division affirmed the Judgment of Foreclosure in Nationstar's favor, and Plaintiff's arguments regarding the "foreclosure inquest" are unsupported by any federal or state authorities. Thus, for these reasons and those set forth in

the Motion to Dismiss, the Court should dismiss Plaintiff' fraud claim pursuant to Rules 9(b) and 12(b)(6).

Plaintiff's related "wrongful foreclosure" claim likewise fails because his claim is premised solely on his general dissatisfaction with New York's mortgage foreclosure process and his allegation that "the process Dekom was subjected to was contrary to law." Doc. 57 ¶ 144. Such allegations are conclusory and devoid of fact and do not support a plausible claim for relief. Furthermore, Plaintiff's arguments that "there is no valid Note which would confer standing, no discernible or accurate chain of its ownership, that the subject mortgage had no amount due and owing to any party anywhere," etc., *see* Opp. at 21, are unavailing and not plausible based on the record of proceedings from the Foreclosure Action and the now-affirmed Judgment of Foreclosure. Thus, Plaintiff's "wrongful foreclosure" claim should be dismissed pursuant to Rule 12(b)(6).

For these reasons and those set forth in the Motion to Dismiss, Plaintiff does not state a plausible claim for relief in Count Four, whether for fraud or "wrongful foreclosure." Thus, the Court should dismiss Count Four in its entirety, with prejudice.

### 5. Plaintiff's Malicious Prosecution Claim (Count Five) Fails.

BANA moved to dismiss Plaintiff's malicious prosecution claim on grounds that BANA did not commence the Extinguishment Action from which Plaintiff's claim depends. Plaintiff concedes this fact, but he contends in the Opposition that BANA "assisted the Nationstar cause." *See* Opp. at 22. Plaintiff's argument, when coupled with the record from the Extinguishment Action, plainly does not demonstrate there was a "wrongful initiation, procurement or continuation of a legal proceeding," nor does it support a plausible claim for relief. For these reasons and those set forth in the Motion to Dismiss, the Court should dismiss Count Five with prejudice.

9

### 6. Plaintiff's RICO Claim (Count Eight) Fails.

Plaintiff's RICO claim is premised on his belief that the government bailout somehow "paid off" his mortgage loan and eliminated his contractual obligation to repay the loan and the mortgagee's contractual power of sale. But as discussed in the Motion to Dismiss, Plaintiff's beliefs and conclusory allegations are insufficient to state a plausible RICO claim under §§ 1962(c) and (d). Nonetheless, Plaintiff continues to press his baseless theory, arguing in the Opposition that "Fannie Mae was bailed out by the government in response to loan losses, and that in turn, Fannie Mae and BANA settled over losses stemming from Countrywide paper. That is two recoveries of public record, foreclosure action being a third." Opp. at 22. But again, Plaintiff's argument is misplaced, as any purported bailout did not relieve Plaintiff from his own contractual obligation to repay the loan, nor did it extinguish the contractual power of sale conferred by the Mortgage. Furthermore, Plaintiff does not allege any facts that he repaid the Note or his mortgage loan twice, or that he was subjected to "duplicate" obligations to repay the loan. Thus, Plaintiff fails to demonstrate he suffered an actual injury as a result of any alleged "double recovery scheme," or from the "ghost Note" he speculates exists, and his RICO claim fails.

For these reasons and those set forth in the Motion to Dismiss, Plaintiff does not and cannot state a plausible RICO claim based on the alleged facts. Thus, the Court should dismiss Count Eight with prejudice.

### III. CONCLUSION

For the reasons set forth herein and in BANA's Motion to Dismiss, the Court dismiss the Third Amended Complaint in its entirety, with prejudice.

November 21, 2018          WINSTON & STRAWN LLP

*Attorneys for Defendant Bank of America, N.A.*

By: */s/ Jason R. Lipkin*
Jason R. Lipkin
200 Park Avenue
New York, NY 10166
(212) 294-6647
jlipkin@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that I served true and correct copies of the foregoing via the Court's CM/ECF system, and upon *Pro Se* Plaintiff Martin Dekom at the address below, via Federal Express, this 21th day of November 2018:

Martin Dekom
9050 Sunset Dr.
Navarre, FL 32566
516-850-2717

BY:   */s/ Jason R. Lipkin*