F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 01 2019 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARTIN DEKOM, on behalf of the little people,

                Plaintiff,

        -against-

FANNIE MAE, *et al.*,

                Defendants.
----------------------------------------------------------------X

**ORDER**
17-CV-2712 (JFB) (ARL)

JOSEPH F. BIANCO, District Judge:

By Order dated March 14, 2018 ("The Order"), this Court denied plaintiff's "motion for an order to show cause and a temporary restraining order ("TRO"). (ECF No. 67.) The Court explained that plaintiff's submission was procedurally improper because it does not include a notice of motion, nor does it include a supporting affidavit containing the factual information necessary for the determination of the motion. (*Id.* at 3.) Additionally, the Court explained that even if the submission were procedurally proper, the Anti-Injunction precludes Act precludes the relief sought – enjoining the state court pending the adjudication of the complaint before this Court. (*Id.* at 4.) On March 22, 2018, plaintiff submitted a motion for reconsideration arguing that it was "clear error that the Court invented arguments from scratch which the defendants did not present" (ECF No. 70 at 2.) and that the defendant subsequently admitted to the facts in the amended complaint. (*Id.* at 3.) Plaintiff argues that, due to the "Court alone fashioned" arguments and the frivolous arguments of the defendants, the Court should reconsider its prior motion denying the TRO. (*Id.* at 6.) For the reasons that follow, the motion for reconsideration is denied.

Motions for reconsideration may be filed pursuant to Federal Rules of Civil Procedure 59(e) or 60(b). The standard for granting a motion for reconsideration pursuant to Rule 59(e) is

"strict, and reconsideration will generally be denied." *Herschaft v. N.Y.C. Campaign Fin. Bd.*, 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001) (citation omitted). A motion for reconsideration is appropriate when the moving party can demonstrate that the court overlooked "controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Id.* (citation omitted). Alternatively, the movant must demonstrate "the need to correct a clear error or prevent manifest injustice." *Id.* at 284 (citation omitted).

Rule 60(b) of the Federal Rules of Civil Procedure also permits the Court to relieve a party from an order in the event of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or in exceptional or extraordinary circumstances. Fed. R. Civ. P. 60(b); *House v. Sec'y of Health & Human Servs.*, 688 F.2d 7, 9 (2d Cir. 1982). Specifically, Rule 60(b) provides that relief may be granted for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *accord United States v. Bank of New York*, 14 F.3d 756, 759 (2d Cir. 1994). Local Civil Rule 6.3 provides that a party moving for reconsideration must "set[] forth concisely the matters or controlling decisions which [the party] believes the court has overlooked." "The standard for

granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Medoy v. Warnaco Emps.' Long Term Disability Ins. Plan*, 97 CV 6612 (SJ), 2006 WL 355137, at *1 (E.D.N.Y. Feb. 15, 2006) ("The standard . . . is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court.").

Here, plaintiff has not satisfied the standard necessary for this Court to reconsider the Order denying plaintiff's request for a TRO. Instead, plaintiff has merely reiterated arguments from his original motion, which the Court fully considered in its Order denying the motion. In the Order, the Court expressly stated that the relief plaintiff sought was unavailable due to the Anti-Injunction Act. (ECF No. 67 at 4.) This provision applies when the requested injunction would either stay the ongoing state proceedings or prevent the parties from enforcing an order that has already issued. *See Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 294 (1970). The Anti-Injunction Act "is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act[,]" which are to be narrowly construed. *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977); *see also Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988). Indeed, in interpreting the Anti-Injunction Act, the Supreme Court has directed that "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line R.R. Co.*, 398 U.S. at 297.

As stated *supra*, plaintiff has failed to set forth controlling decisions or factual matters that the Court overlooked in reaching its decision as required under Rule 59(e), or demonstrate their entitlement to the "extraordinary judicial relief" afforded by Rule 60(b). Accordingly, it is hereby ordered that plaintiff's motion for reconsideration is denied.

SO ORDERED.

s/ Jospeh F. Bianco
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: February 1, 2019
Central Islip, NY