UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAR 28 2019   ★

LONG ISLAND OFFICE

------------------------------------------------------------X
                    :

MARTIN DEKOM,
                    :

              Plaintiff,   :

                    :     ORDER
        -against-          :     17-CV-2712 (JFB) (ARL)

                    :

FANNIE MAE, *et al.*,
                    :

            Defendants.   :

                    :
------------------------------------------------------------X

JOSEPH F. BIANCO, District Judge:

      On February 26, 2019, Magistrate Judge Lindsay issued a Report and Recommendation

(the "R&R," ECF No. 230) recommending that the Court grant defendants' motions to dismiss

(ECF Nos. 175, 180, 181, 182, 184, 198) and deny plaintiff's motions seeking a change of venue

(ECF No. 72), to expedite discovery (ECF No. 139), judgment on the pleadings (ECF No. 208),

and objecting to evidence submitted by defendants. (ECF No. 209.) The R&R instructed that

any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (R&R

22.) On March 1, 2019, plaintiff requested an extension of time to respond from March 13, 2019

to April 29, 2019. (ECF No. 231.) The Court granted this request in part, granting an extension

to respond to the motions addressed by the R&R to March 26, 2019 and to April 29, 2019 for

objections to the recommendation regarding the litigation injunction. (ECF No. 232.) On March

26, 2019, plaintiff filed his objections to the R&R. For the reasons set forth below, having

conducted a *de novo* review, the Court adopts the thorough and well-reasoned R&R in its

entirety, granting defendant's motion to dismiss and denying plaintiff's motions. Plaintiff has

until April 29, 2019 in order to file any objections to the recommendation that the Court issue an order to show cause with respect to a litigation injunction.

## Standard of Review

As a threshold matter, the Court notes that it is axiomatic that district courts are required to read *pro se* complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest[]," *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), *aff'd*, 569 U.S. 108 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See Deluca v. Lord,* 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood,* 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn,* 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.,* 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon,* 10-CV-2686 (JFB)(AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(l)(C) ("A judge of the court shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## Plaintiff's Objections

Plaintiff objected to the R&R on the basis that it is "replete with fatalities" and "creates a fiction in which the servicing of a mortgage loan is unrelated to the assignment." (Obj. at 2.) Specifically, plaintiff argues that Bank of America "had no authority to pursue the foreclosure action against [plaintiff] in 2014, nor did Nationstar have the right to continue it." (*Id.*) Additionally, plaintiff argues that the R&R inappropriately held that the foreclosure process was not unlawful.[1] because the record is lacking as to the actions of the referee appointed in plaintiff's foreclosure. (*Id.*) Finally, plaintiff argues that the R&R improperly found that the Eleventh Amendment, the *Rooker-Feldman* doctrine, *res judicata*, and collateral estoppel mandate dismissal of all plaintiff's claims. (*Id.* at 5, 7.)

## Analysis

Having conducted a review of the full record and applicable law, and having conducted a *de novo* review of the entire R&R, the Court adopts the analysis and recommendations contained in the R&R in their entirety.[2]

---

[1] Specifically, plaintiff argues that the record did not demonstrate that: (1) the actions of the referee, appointed in plaintiff's foreclosure, were lawful (Obj. at 2); and (2) that defendant Bank of America delivered plaintiff a required pre-foreclosure notice. (*Id.* at 3.)

[2] The Court notes that, although the R&R referred to the doctrines of *res judicata* and collateral estoppel as jurisdictional, such issues are not jurisdictional, but rather are decided under a Rule 12(b)(6) standard. *See Thompson v. Cty. of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994). However, other than incorrectly labelling the grounds as jurisdictional, the R&R correctly analyzed all the requirements of the doctrines of *res judicata* and collateral estoppel as applied to this case.

In particular, the Court finds that the R&R applied the proper legal standard in finding that the claims against the State defendants—in their official capacities—are barred by the Eleventh Amendment. Plaintiff makes two arguments: (1) plaintiff sued these State defendants in both their official and personal capacities; and (2) the State defendants are "administrative personnel" and thus not do not enjoy immunity. (Obj. at 5.) First, the Court finds that the allegations concerning the State defendants are clearly regarding their activities in their official, not personal, capacities. (*See* Amend. Compl. ¶ 30 where plaintiff refers to the state court being "fraudulent" and alleges that defendant George Peck "knowingly acted outside of his jurisdiction.") Second, the Court finds that plaintiff does not allege that these defendants were merely administrative, but rather actively conspired to deprive plaintiff of his rights through a "case fixing scheme in which legal filings were altered, diverted, destroyed, blocked, decided by parties not empowered to do so, by and through applying extra-legal processes" to plaintiff. (*Id.* at 17.) In short, after *de novo* review, the Court concludes that Magistrate Judge Lindsay correctly found that plaintiff's current claims against the State defendants are barred by the Eleventh Amendment, and must be dismissed.

The Court also finds that the R&R correctly concluded that the claims should be dismissed under the *Rooker-Feldman* doctrine, collateral estoppel and *res judicata*. (R&R at 15.)

The Second Circuit has delineated four requirements for the application of the *Rooker–Feldman* doctrine (which is jurisdictional in nature): (1) "the federal-court plaintiff must have lost in state court"; (2) "the plaintiff must complain of injuries caused by a state-court judgment"; (3) "the plaintiff must invite district court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." *Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, 701 F. Supp. 2d 340, 346

(E.D.N.Y. 2010) (quoting *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir.2005) (internal citations and quotations omitted). The Second Circuit has classified the first and fourth requirements as "procedural" and the second and third requirements as "substantive." The Court finds that both procedural and substantive requirements of this doctrine have been met. Foremost, the Court agrees with the R&R that plaintiff is seeking review of the state court judgment of foreclosure and sale. Although plaintiff argues that preclusion under *Rooker-Feldman* is inappropriate because the "matter is *still* on appeal", the Court finds that abstention is appropriate because "[r]egardless of the status of any state court appeals, [plaintiff] is still seeking federal review of a state-court judgment." *Caldwell*, 701 F. Supp. 2d at 348 (citing *Field Auto City, Inc. v. Gen. Motors Corp.*, 476 F.Supp.2d 545, 553 (E.D. Va.), *aff'd*, 254 F. App'x 167 (4th Cir. 2007) (explaining that "[a] contrary rule would allow a state court litigant to avoid *Rooker–Feldman* simply by filing the federal action while the state appeal is underway"). This is what *Rooker-Feldman* prohibits. Finally, although plaintiff argues that his alternative claims (*e.g.*, FDCPA, fraud, RICO, and Section 1983) are independent and should survive, the Court agrees with the R&R that such claims are "inextricably intertwined" and are barred. *See Andrews v. Citimortgage, Inc.*, No. 14-CV-1534 JS AKT, 2015 WL 1509511, at *5 (E.D.N.Y. Mar. 31, 2015) ( "'a federal plaintiff cannot escape the *Rooker–Feldman* bar simply by relying on a legal theory not raised in state court.'") (quoting *Lajaunie v. Samuels & Son Seafood Co.*, 2014 WL 7190922, at *4 (S.D.N.Y. Dec. 12, 2014)).

Additionally, in the alternative, the Court finds that the R&R utilized the proper legal standard for *res judicata* and collateral estoppel, and correctly applied that standard, in finding that the Court should dismiss the claims on those grounds. The underlying foreclosure and extinguishment actions were previous adjudications on the merits and plaintiff had the

opportunity assert any additional claims in those state actions. Plaintiff argues that: (1) there "was no actual foreclosure litigation", with the process actually being a "fraud scheme designed to appear as bona fide" and he was "prohibited from raising any counterclaims, or defenses." (Obj. at 15.) However, he provides only conclusory allegations in that regard.

As the Court finds it lacks subject-matter jurisdiction under the Eleventh Amendment (against the State Court defendants) and *Rooker-Feldman* doctrine, and the claims also should be dismissed under the doctrine of *res judicata* and collateral estoppel, the Court agrees with the R&R that plaintiff's motions to change venue, to expedite discovery, and for equal protection are denied as moot, and the Court does not address the remaining arguments in the pending 12(b)(6) motions.[3] As previously ordered, plaintiff shall file any objections to the R&R's recommendation that this Court issue an order to show cause regarding a litigation injunction by April 26, 2019.

## Conclusion

Having conducted a review of the full record and the applicable law, and having conducted a *de novo* review of the entire R&R, the Court adopts the analysis and recommendations contained in the well-reasoned and thorough R&R in their entirety. Accordingly,

IT IS HEREBY ORDERED that defendants' motions to dismiss (ECF Nos. 175, 180, 181, 182, 184, and 198) are granted. The Court denies plaintiff's motions seeking a change of venue (ECF No. 72); to expedite discovery and for equal protection (ECF No. 139); for judgment

---

[3] The Court also notes that plaintiff's motion for partial summary judgment (ECF No. 208) is denied as moot. In addition, although plaintiff objected to evidence submitted by the defendants (ECF No. 209), the Court need not consider (and has not considered) that evidence for purposes of this ruling and thus, that motion is also denied as moot.

on the pleadings or partial summary judgment as against Nassau County Clerk Maureen

O'Connell (ECF No. 208); and objecting to evidence submitted by defendants. (ECF No. 209).

IT IS FURTHER ORDERED that plaintiff shall file any objections to the

recommendation regarding the litigation injunction by April 26, 2019.

SO ORDERED.

*/s/ Joseph F. Bianco*

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:      March 28, 2019
            Central Islip, NY