UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARTIN DEKOM, et al.

             Plaintiffs,

   - against -                              MEMORANDUM AND ORDER
                                                    17-CV-2712 (RRM) (ARL)
FANIE MAE et al.,

             Defendants.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Martin Dekom seeks reconsideration of the March 28, 2019 Order Honorable Joseph F. Bianco, adopting in its entirety the Report and Recommendation of Magistrate Judge Arlene R. Lindsay, and dismissing this action. See Doc. No. 234. Plaintiff's request is denied.

      Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Butto v. Collecto Inc.*, 845 F.Supp.2d 491, 494 (E.D.N.Y. 2012) (quoting *Trans-Pro Logistic Inc. v. Coby Electronics Corp.*, No. 05-CV-1759 (CLP), 2010 WL 4065603, at *1 (E.D.N.Y. Oct. 15, 2010)) (internal quotation marks omitted). A party requesting reconsideration must adduce controlling law or facts that were overlooked by the Court that might materially have influenced its conclusion. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Perez v. New York City Dep't of Corr.*, No. 10-CV-2697 (RRM) (RML), 2013 WL 500448, at *1 (E.D.N.Y. Jan. 17, 2013). Moreover, "[a] motion for reconsideration may not . . . be used as a vehicle for relitigating issues already decided by the Court." *Webb v. City of New York*, No. 08-CV-5145 (CBA), 2011 WL 5825690, at *1 (E.D.N.Y. Nov. 17, 2011) (quoting *Davidson v. Scully*, 172 F.Supp.2d 458, 461 (S.D.N.Y. 2001)). Plaintiff's request does not demonstrate any clear error, highlight a change in controlling law, or present new evidence. *See Montblanc-Simplo GmbH v. Colibri Corp.*, 739 F.Supp.2d

143, 147 (E.D.N.Y. 2010). In fact, plaintiff's motion "reiterates the arguments of his Opposition and his filed Objections here, incorporating them verbatim by reference to those documents." Pl. Mtn. (Doc. No. 235) at 4. Nor does the motion establish that reconsideration is necessary to prevent manifest injustice. *Id.* As such, plaintiff's request for reconsideration of Judge Bianco's Order dismissing this action is denied.[1]

A certificate of appealability shall not issue as plaintiff has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall mail a copy of this Memorandum and Order, to plaintiff and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
September 26, 2019

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[1] Plaintiff asserts a number of allegations that are wholly conclusory and unsupported by any fact or record evidence, including allegations directed to the manner in which Judge Bianco handled this action. As such, they are wholly without foundation and will not be addressed.