UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARTIN DEKOM, et.al.
                   Plaintiffs

         -against-

                                 NOTICE & MOTION TO CORRECT "DENIAL OF COA"
                                        AND AFFIX A TRUE SIGNATURE
                                          CIVIL CASE #17-2712

FANNIE MAE et.al.
                   Defendants

I, Martin Dekom, plaintiff, state true under penalty of perjury:

PLEASE TAKE NOTICE that upon the following declaration of Martin Dekom, plaintiff, and upon all prior papers, Dekom moves this Court before Hon. Roslynn Mauskopf, at 100 Federal Plaza, Central Islip, NY, on submission only, on the 12th of November, 2019, to correct the record as to remove "Certificate of Appealability" and other impediments from the rulings and records of this Court, and to affix a USDJ signature, as described below.

**History and Argument**

On September 26, 2019, this Court issued a final judgment as to the core matter of this case, denoted in PACER as # 249. The paper was served September 30th. It included language "A certificate of appealability shall not issue as plaintiff has not made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2)." This sections pertains to prisoners and habeas corpus appeals. However the plaintiff is not a prisoner and this action does not relate to section 2253.

On October 21st, 2019, plaintiff served a timely Notice of Appeal of the order, with fee paid. It was recorded in PACER. However, the entry was then modified to state no fee paid and Certificate of Appealability denied. On October 22, 2019, plaintiff requested the modifications be corrected. On October 23, 2019, an addendum was added to ECF 250 stating: "Modified on 10/23/2019 to delete COA ruling and Fee status."

This motion is necessitated by the fact that the Order itself (ECF 249) still contains language that "a certificate of appealability shall not issue", as well, it does not bear the actual signature of United States District Judge Roslynn Mauskopf.

A true signature signifies that the named judge actually read and adjudicated the papers. Here that is in doubt, as it defies belief that a federal judge mistakenly took a Federal Debt Collections and Practices Act lawsuit for a prisoner's *habeas corpus* petition. More likely is that a staff attorney is gaming the case to prevent its appeal. True signing of Her Honor is required.

Similarly, the repeated references to "a certificate of appealability" creates confusion which is plainly designed to interfere with plaintiff's right to appeal. His right does not require any certificate, nor has he applied for any such certificate, and he has in fact paid all fees necessary for appeal (ECF 252). It is in the interest of justice to remove such references, from the Order itself (page 2) and from PACER. This eliminates the interference in plaintiff's right to appeal, a fundamental right. Aside from protecting a fundamental right, doing so is judicially economical, as this ounce of prevention is simpler than the pound of curative litigation that would otherwise inevitably ensue.

WHEREFORE, plaintiff Martin Dekom respectfully requests that this Court grant the above motion, and correct its order of September 26, 2019 (ECF 249) by removing the language pertaining to denial of a "certificate of appealability," as well as the corresponding references in PACER (ECF 249, 250), and upon which, affix the actual signature of Hon. Mauskopf, presiding, and serve the corrected Order upon plaintiff in the manner previously ordered.

Submitted,                                                                          /s /

        24 October 2019                                                  Martin Dekom
                                                                         9050 Sunset Dr
                                                                       Navarre, FL 32566
                                                    516 850-2717  Martin.dekom@gmail.com

**CERTIFICATE OF SERVICE**
I hereby certify that on 24 October 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, making it, for purposes of Fed. R. Civ. P. 5, served and filed in compliance with the Local Civil Rules of the Southern and Eastern Districts of New York.

2