MANDATE

19-3425-cv
*Dekom v. Fannie Mae*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of February, two thousand twenty-one.

PRESENT:    JOHN M. WALKER, JR.,
            REENA RAGGI,
            WILLIAM J. NARDINI,
                    *Circuit Judges.*

_____

MARTIN DEKOM, AND ON BEHALF OF THE LITTLE
PEOPLE,

                    *Plaintiff-Appellant*,

            v.                                                         19-3425-cv

FANNIE MAE, BANK OF AMERICA N.A., (USA),
NATIONSTAR MORTGAGE LLC, ELISABETTA
COSCHIGNANO, WILLIAM RICCIO, BERKMAN
HENOCH LAW FIRM, BRUCE R. COZZENS, THOMAS
A. ADAMS, GEORGE PECH, ELLEN BRANDT, GROSS
POLOWY LAW FIRM, SANDELANDS EYET LAW FIRM,
ERIK VALLELY, MATTHEW BURROWS, BRIAN
GOLDBERG, LAURA STRAUSS, GEOFFREY JACOBSON,
KEIRAN DOWLING, LAURENCE CHIRCH, APRILANNE
AGOSTINO, DARRELL JOSEPH, RANDALL ENG, ALAN
SHEINKMAN, NASSAU COUNTY CLERK, HANS
AUGUSTIN, OSCAR PRIETO, 8 MOTIONS CLERKS, 2ND
DEPARTMENT APPELLATE JUDGES, PAWNS 1-100,
GOLDMAN SACHS, AS OWNER OF "POOL 1",

                    *Defendants-Appellees.*

_____

MANDATE ISSUED ON 03/04/2021

FOR PLAINTIFF-APPELLANT:       Martin Dekom, pro se, Navarre, FL.

FOR DEFENDANTS-APPELLEES:      Richard P. Haber, Brian P. Scibetta, McCalla Raymer Leibert Pierce, LLC, New York, NY (*for* Fannie Mae and Nationstar);

Connie Flores Jones, Winston & Strawn LLP, Houston, TX (*for* Bank of America);

Barbara D. Underwood, Solicitor General, Judith N. Vale, Senior Assistant Solicitor General, David Lawrence III, Assistant Solicitor General, *for* Letitia James, Attorney General of the State of New York, New York, NY (*for* Coschignano, Riccio, Cozzens, Adams, Pech, Brandt, Agostino, Joseph, Eng, Sheinkman, 8 Motion Clerks, and 2nd Department Appellate Judges);

William C. Sandelands, Sandelands Law LLC, Chester, NJ (*for* Sandelands Eyet LLC, Jacobson, Dowling, and Chirch);

Daniel James Evers, Donna A. Napolitano, Nicholas S. Tuffarelli, Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (*for* Berkman Henoch P.C., Vallely, and Burrows);

Stephen J. Vargas, Gross Polowy, LLC, Westbury, NY (*for* Gross Polowy LLC, Goldberg, Strauss, and Augustin);

Robert F. Vanderwaag, Nassau County Attorney's Office, Mineola, NY (*for* Nassau County Clerk);

Lisa C. Cohen, Jenny C. Gu, Schindler, Cohen & Hochman, LLP, New York, NY (*for* Goldman Sachs).

2

Appeal from a judgment of the United States District Court for the Eastern District of New York (Mauskopf, *J*.; Lindsay, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Martin Dekom, proceeding pro se, sued numerous financial institutions, law firms, attorneys, and state court judges and staff for violations of the Truth-in-Lending Act ("TILA"), Real Estate Settlement Procedures Act ("RESPA"), Fair Debt Collection Practices Act ("FDCPA"), Racketeer Influenced and Corrupt Organizations Act ("RICO"), District of Columbia Consumer Protection Procedures Act ("CPPA"), and state law, alleging that the defendants fraudulently obtained a default judgment against him in a 2013 foreclosure action in state court and brought a second improper "foreclosure" action in 2016. The district court dismissed the complaint, reasoning that the *Rooker-Feldman* doctrine barred Dekom's claims and that the state court defendants were immune from suit. This Court "review[s] the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013). "We may affirm . . . on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993). In applying these principles here, we assume the reader's familiarity with the record.

## I.  Judicial Immunity

"[J]udges generally have absolute immunity from suits for money damages for their judicial actions," which "even allegations of bad faith or malice cannot overcome." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Judicial immunity will not apply in only two

circumstances: (1) where the challenged actions were not taken in the judge's "judicial capacity," and (2) where the judge acted "in the complete absence of all jurisdiction."  *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (internal citations omitted).

Defendants Pech, Cozzens, Adams, Eng, Sheinkman, and unnamed others are judges in the Nassau Supreme Court and the Appellate Division, Second Department, the courts in which Dekom's foreclosure and appeal were filed.  Although Dekom asserts that some of these defendants acted without jurisdiction, those allegations are conclusory and lack a basis in pleaded fact or law.  *See Kirch v. Liberty Media Corp.*, 449 F.3d 388, 398 (2d Cir. 2006) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss." (second alteration in original)).

Insofar as Dekom asserts that he sues some of these judges and their staffs for non-judicial, administrative tasks, his argument fails because the actions all pertained to the management of his foreclosure case and appeal, thus making them judicial in nature.  *See Bliven*, 579 F.3d at 210 (observing that "acts arising out of, or related to, individual cases before the judge are considered judicial in nature"); *Rodriguez v. Weprin*, 116 F.3d 62, 66–67 (2d Cir. 1997) (recognizing court's inherent power to control its docket as part of its judicial function, for which actions, even when administrative, judges and their supporting staff are afforded absolute immunity).

Dekom also could not seek injunctive relief against the state court defendants for alleged First Amendment and equal protection violations, which we construe as a 42 U.S.C. § 1983 claim. Section 1983 states that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.  The state court

4

defendants—judges or subordinates acting at judges' direction—were "judicial officers," *see Montero v. Travis*, 171 F.3d 757, 760–61 (2d Cir. 1999), and Dekom did not allege that any of these defendants violated a declaratory decree or that declaratory relief was unavailable. Accordingly, the district court correctly dismissed the claims against the state court defendants on grounds of judicial immunity.

## II.    Res Judicata

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, we must apply New York res judicata law to New York state court judgments. *See Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 93 (2d Cir. 2005). That law precludes a party from litigating a claim "where a judgment on the merits exists from a prior action between the same parties [or their privies] involving the same subject matter," *In re Estate of Hunter*, 4 N.Y.3d 260, 269 (2005), even when the claim "is based upon different legal theories or seeks different or additional relief," *Davidson v. Capuano*, 792 F.2d 275, 278 (2d Cir. 1986).

Res judicata here applies to all Dekom's claims against Fannie Mae, Bank of America ("BOA"), and Nationstar Mortgage LLC (except his RESPA claim against Nationstar). The foreclosure default judgment is a final judgment on the merits. *See EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 626 (2d Cir. 2007) ("*Res judicata* does not require the precluded claim to actually have been litigated . . . . That is why . . . default judgments can support *res judicata* as surely as judgments on the merits."); *Henry Modell & Co. v. Minister, Elders & Deacons of Reformed Protestant Dutch Church of City of New York*, 68 N.Y.2d 456, 461 (1986) (noting that "default judgment awarding possession to the landlord has been held to preclude litigation of subsidiary issues necessary to establish the tenant's subsequent claim for separate

5

equitable relief").   Dekom there had a full and fair opportunity to properly litigate his claims. Dekom was properly served by BOA and had an opportunity to respond to the summons, but he did not do so.   In the ensuing inquest on damages, Dekom nevertheless was able to cross-examine Nationstar's witnesses and present evidence.   *See* N.Y. C.P.L.R. § 3215(a)–(b), (f).   Moreover, in his filed motions for orders to show cause, Dekom had additional opportunities to challenge the default judgment.

Further, both the foreclosure action and the instant suit involve causes of action based on the same set of facts, *see Davidson*, 792 F.2d at 278 (holding Article 78 proceeding had same cause of action as federal civil rights action because both involved allegations relating to plaintiff's prison misconduct proceeding). Even if presenting a "different shading" of those facts, *Smith v. Russell Sage Coll.*, 54 N.Y.2d 185, 192–93 (1985) (observing that same factual grouping can include "variations" or "different shadings of the facts"), Dekom's federal complaint alleges that the 2013 foreclosure action was fraudulently brought and prosecuted.  This claim rests on the same facts that Fannie Mae, BOA, and Nationstar were obliged to show to secure foreclosure, i.e., that Fannie Mae owned and Nationstar and BOA serviced the mortgage on which Dekom defaulted, that they properly served Dekom, and that Dekom had been given proper notice of the inquest.   *See* N.Y. C.P.L.R. § 3215(f) (requiring that plaintiff offer proof of entitlement to judgment before a default judgment will be granted); *Smith*, 54 N.Y.2d at 192–93 (whether a factual grouping "constitutes a 'transaction' or 'series of transactions' depends on how the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether . . . their treatment as a unit conforms to the parties' expectations or business understanding or usage" (internal quotation marks omitted)).

Finally, Dekom, Fannie Mae, Nationstar and BOA are the same parties as in the foreclosure action (or their privies).  *See Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 346 (2d Cir. 1995) (a party in privity "includes those who are successors to a property interest, those who control an action although not formal parties to it, those whose interests are represented by a party to the action, and possibly coparties to a prior action" (internal quotation marks omitted)).   Fannie Mae owned Dekom's mortgage, first hired BOA and then Nationstar as mortgage loan servicers, and then had them pursue the foreclosure action on its behalf.

Therefore, Dekom's claims against Fannie Mae, Nationstar, and BOA (with the exception of the RESPA claim) are barred by res judicata.

### III.    FDCPA, TILA, and RESPA Claims

Dekom's claims against the remaining defendants under the FDCPA and RESPA were correctly dismissed as barred by the one-year statutes of limitations.  *See* 15 U.S.C. § 1692k(d) (FDPCA); 15 U.S.C. § 1640(e) (TILA).  Dekom filed his lawsuit on April 27, 2017, but his FDCPA allegations relate to the 2013 foreclosure action, while his TILA claim alleges disclosure failures in 2011 and 2014, all over three years prior to his filing this federal suit.

As for Dekom's claim that defendants violated RESPA's requirement that *loan servicers* respond to written inquiries about mortgages and foreclosures, *see* 12 U.S.C. § 2605(e)(1)(A); 12 C.F.R. 1024.35, it fails because he does not allege that any of the defendant law firms or their attorneys were loan servicers of his mortgage.  Nor does Dekom allege any facts plausibly showing actual damages because he sought documentation already filed in the foreclosure action, and correction of "errors" that were the subject of litigation.  *See* 12 U.S.C. § 2605(f)(1) (limiting recovery for failure to respond to "actual damages").

## IV.    RICO Claim

To state a civil RICO claim, a plaintiff must allege that "he was injured by defendants' (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."    *Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 242 (2d Cir. 1999) (internal quotation marks omitted).    Even if Dekom could plead enterprise—which we need not decide—he fails to allege a pattern of racketeering.    *See Schlaifer Nance & Co. v. Est. of Warhol*, 119 F.3d 91, 97 (2d Cir. 1997) (requiring "at least two predicate acts" to show pattern); *see also* 18 U.S.C. § 1961(5). Dekom alleges that defendants attempted to obtain an "illicit double recovery" by filing a second "foreclosure" action (an action to extinguish a prior lien on Dekom's property dating from 1985, decades before Dekom purchased the property).    But "allegations of frivolous, fraudulent, or baseless litigation activities—without more—cannot constitute a RICO predicate act."    *Kim v. Kimm*, 884 F.3d 98, 104 (2d Cir. 2018).    Accordingly, Dekom fails to state a RICO claim.

## V.    Common-Law Fraud, Wrongful Foreclosure, and Malicious Prosecution

To plead fraud in New York, a plaintiff must allege "a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages."    *Eurycleia Partners, LP v. Seward & Kissel, LLP*, 12 N.Y.3d 553, 559 (2009). Dekom alleges that defendants misled him into believing that the foreclosure inquest process was legitimate.    This does not plausibly plead fraud because, as already discussed, the inquest procedure was appropriate under New York civil practice rules when a defendant defaults.    For the same reason, Dekom fails to state a claim for wrongful foreclosure.

Dekom also fails to state a malicious prosecution claim based on the 2016 extinguishment action.    A plaintiff claiming malicious prosecution must plausibly plead malice (i.e., "a purpose

8

other than the adjudication of a claim"), lack of probable cause to bring the prior proceeding, and

special injury. *Engle v. CBS, Inc.*, 93 N.Y.2d 195, 201, 204 (1999). Dekom fails to allege any

facts showing either the lack of probable cause or ensuing special injury.

### VI.   CPPA

Because Dekom did not allege that he purchased, leased, or received goods or services in

the District of Columbia, he fails to state a claim under D.C. Code § 28-3901(c).

We have considered all of Dekom's remaining arguments and find them to be without

merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit